IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SCOTT WHITTINGTON,                          )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )        No. 1:07-cv-02135 (RJL)
                                            )
UNITED STATES,                              )
                                            )
            Defendant.                      )

### UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),

to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that the Court lacks

subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a

proposed order are submitted herewith.

DATE: February 19, 2008.

                                    Respectfully submitted,

                                    /s/ Yonatan Gelblum
                                    YONATAN GELBLUM
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, DC  20044
                                    Phone/Fax:  (202) 305-3136/514-6866
                                    Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

3071396.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SCOTT WHITTINGTON,                              )
                                                )
                  Plaintiff,                    )
                                                )
         v.                                     )         No. 1:07-cv-02135 (RJL)
                                                )
UNITED STATES,                                  )
                                                )
                  Defendant.                    )

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

ISSUE PRESENTED

Plaintiff's complaint seeks damages for alleged unauthorized collection of federal

taxes, a "determination" that the United States and its employees or agents disregarded

provisions of Title 26, United States Code, and an order under the Administrative

Procedure Act "to compel agency action unlawfully withheld or unreasonably denied. .

. and to hold unlawful and set aside" certain actions of the Internal Revenue Service.

One year ago, the Court dismissed a nearly-identical complaint filed by the plaintiff, see

Whittington v.United States, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007 ) (No. 1:07-

CV-02135 (RJL)) [hereinafter Whittington I], holding that it lacked of subject matter

jurisdiction, because, inter alia, plaintiff had failed to exhaust his administrative

remedies under 26 U.S.C. § 7433, and that neither the Administrative Procedure Act nor

other statutes cited by the plaintiff conferred subject matter jurisdiction on the Court.

Plaintiff has not added any allegations that he has exhausted his administrative

remedies under 26 U.S.C. § 7433 by filing an administrative claim for refund under that section, nor alleged additional bases for jurisdiction.  Should plaintiff's complaint be dismissed?

ARGUMENT

Because the Court has previously found that it lacked subject matter jurisdiction to hear identical claims presented by the plaintiff, the plaintiff is collaterally estopped from raising the same arguments without having alleged any additional facts that would support a different holding.  The Court lacks subject matter jurisdiction under 26 U.S.C. § 7433 because the plaintiff has not filed an administrative claim as required by that section, and the Administrative Procedures Act does not apply to tax controversies. Furthermore, because section 7433 provides that it is the exclusive remedy for recovering damages" for the violations alleged by plaintiff, the court lacks jurisdiction to award relief under the Federal Records and National Archives Act, as plaintiff alleges.

I

PLAINTIFF IS COLLATERALLY ESTOPPED FROM RELITIGATING THE COURT'S JURISDICTION TO HEAR THIS SUIT

The plaintiff's complaint should be dismissed because this Court has previously determined that under the same allegations made by plaintiff in his prior suit, it lacks subject matter jurisdiction.  A prior ruling by a court that it lacks subject matter jurisdiction precludes the party against whom it was rendered from relitigating "the precise issue of jurisdiction that led to the initial dismissal."  GAF Corporation v.

3071396.1

United States, 818 F.2d 901, 912 (D.C. Cir. 1987).  While developments in the interim

may "cure" the jurisdictional defect, this exception does not apply where such

developments are not alleged in the second suit.  Id. at 913.

Here, plaintiff's allegations of jurisdiction are identical to the allegations made in

his first complaint.  Among these are allegations of jurisdiction to award damages

under 26 U.S.C. § 7433 (compare Compl. Part II.C with complaint, Whittington I, Part

II.A.1), and jurisdiction to review, set aside, or compel agency action pursuant to

sections 704 and 706 of the Administrative Procedure Act (compare Compl. Part II.A(1)

with complaint, Whittington I, Parts II.A(2)-(3) & II.B), the Federal Records Act and

National Archives Act (compare Compl. Part II. A(2) with complaint, Whittington I,

Part II.C(1)(a)-(b)).  The alleged acts to which plaintiff objects are also identical to those

set out in his 2006 complaint. (Compare Compl. Parts IV-V with complaint, Whittington

I, Parts IV, VI.)  Plaintiff has also alleged that he has no document "establishing that

defendants' agency is willing to reconsider the position it has taken in the voluminous

correspondence affiant has received from defendant's agency." (Compare Pl's Aff. ¶ 10,

with plaintiff's affidavit, Whittington I ¶ 10.)  The plaintiff has not, however, alleged

that he has ever filed an administrative claim under 26 U.S.C. § 7433, nor has he alleged

any additional acts on the part of the United States for which he is seeking relief.

In adjudicating the identical allegations described above, the Court has held that

plaintiff failed to properly allege the filing of an administrative claim under 26 U.S.C. §

7433, as required by that section, Whittington I at *2-*3, that the Administrative

3071396.1

Procedures Act does not grant courts jurisdiction to entertain claims for damages for

wrongful collection of taxes, id. at *4, and that section 7433's exclusivity provisions

deprive the Court of subject matter jurisdiction to award damages under the alternative

statutes cited by the plaintiff, including the Federal Records Act and National Archives

Act, id.  Since the Court has already ruled that it lacks jurisdiction under identical

allegations of wrongdoing and assertions of jurisdiction, and the plaintiff has not made

any additional allegations relevant to the matter of jurisdiction, he is estopped by the

Court's prior determination that it lacks subject matter jurisdiction over his claim.

Accordingly, the Court should dismiss this suit for lack of subject matter jurisdiction.


II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks

damages.  (Compl. generally.)  This Court does not have jurisdiction over plaintiff's

section 7433 claim because he has failed to demonstrate that he filed a proper

administrative claim for damages with the Internal Revenue Service.[1]  The party

bringing suit must show that the United States has unequivocally waived its sovereign

immunity.  McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing

---

[1] Alternatively, the complaint should be dismissed because plaintiff failed to
state a claim upon which relief can be granted.  See Turner v. United States, 429
F.Supp.2d 149 (D.D.C. 2006) (Bates); Ross v. United States, 2006 U.S. Dist. LEXIS 82043
(D.D.C. 2006) (Bates).

3071396.1

<u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v.</u>

<u>F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26

U.S.C.) provides the predicates for the United States' waiver of sovereign immunity

with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over

plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, taxpayers must exhaust their

administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be

awarded under [7433] subsection (b) <u>unless the court determines that the plaintiff has</u>

<u>exhausted the administrative remedies available to such plaintiff within the Internal</u>

<u>Revenue Service</u>."  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000
> in the case of negligence) or actual, direct economic
> damages, as defined in paragraph (b) of this section [7433]
> <u>shall be sent in writing</u> to the Area Director, Attn:
> Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

3071396.1

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F.Supp.2d

125, 127-28 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994);

Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Info. Res., Inc. v. United States,

950 F.2d 1122, 1125-27 (5th Cir. 1992); Gaines v. United States, 424 F.Supp.2d 219 (D.D.C.

2006) (Huvelle); Glass v. United States, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle);

Holt v. Davidson, 441 F.Supp.2d 92, 95-96 (D.D.C. 2006) (Urbina); Koerner v. United

States, 424 F.Supp.2d 213 (D.D.C. 2006) (Huvelle); Pierce v. United States, 424 F.Supp.2d

230 (D.D.C. 2006) (Huvelle); Bennett v. United States, 361 F.Supp.2d 510, 514 (W.D. Va.

2005); Simmons v. United States, 875 F.Supp. 318, 319 (W.D.N.C. 1994); Music Deli &

Groceries, Inc. v. IRS, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).2/

    Here, plaintiff does not assert that he filed a proper administrative claim for

---

    2/    The United States recognizes that the Court dismissed similar complaints
for failure to state a claim holding that the failure to exhaust administrative remedies
was not a jurisdictional defect.  See, e.g., Turner v. United States, 429 F.Supp.2d 149
(D.D.C. 2006) (Bates).  The United States respectfully asserts that when the United States
has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the
court's jurisdiction.  See Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("[T]he United
States, as sovereign, 'is immune from suit save as it consents to be sued *** and the
terms of its consent to be sued in any court define that court's jurisdiction to entertain
the suit.'").  One of the terms of the consent under section 7433 is that the taxpayer must
have exhausted his administrative remedies. And as a term of consent to the waiver of
sovereign immunity, the requirement of administrative exhaustion is by definition a
part of the "court's jurisdiction to entertain the suit."  Therefore, the United States
respectfully requests that the Court consider the statement in Lehman and conclude
that section 7433's exhaustion requirement is an element of the United States' waiver of
sovereign immunity, and thus an aspect of subject matter jurisdiction.

3071396.1

damages.   Because plaintiff failed to file an administrative claim that complies with the requirements set forth in the regulation, he has failed to properly exhaust his administrative remedies and the complaint should be dismissed.  26 C.F.R. § 301.7433-1(e)(1) and (2); c.f. Evans v. United States, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); Lohmann v. United States, 2006 WL 1826770, *3 (D.D.C. 2006) (same); Broward v. United States, 2006 WL 1827733, *3 (D.D.C. 2006) (same); Ting v. United States, 2006 WL 1774516, * 2-3 (D.D.C. 2006); Ross v. United States, 2006 U.S. Dist. LEXIS 82043 (D.D.C. 2006) (Bates) (dismissing similar suit for plaintiff's failure to state a claim for which relief may be granted).

III

THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE FEDERAL RECORDS ACT, AND THE NATIONAL ARCHIVES ACT

Plaintiff also asserts jurisdiction for his damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the Federal Records Act, and the National Archives Act. (See Compl. ¶¶ II.A.-C.)  None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. Furthermore, 26 U.S.C. § 7433's statement that it "shall be the exclusive remedy for recovering damages resulting" from wrongful collection actions is fatal to plaintiff's claims.  Cf. Whittington I at *4 (citing Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000); Ross v. United States, No. 06-0963, 460 F. Supp. 2d 139, 2006 U.S. Dist. LEXIS 82043, at *26-36 (D.D.C. Nov. 10, 2006)).

Moreover, an action brought under the APA is barred if it concerns the assessment or collection of federal taxes.  See Foodservice and Lodging Institute, Inc. v. Regan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); McGuirl v. United States, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), aff'd 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).  Sovereign immunity is not waived merely because the action may involve a federal question.  See, e.g., Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).  Section 1651 of Title 28 does not operate as a waiver of sovereign immunity.  See Benvenuti v. Dept. of Defense, 587 F.Supp. 348 (D.D.C. 1984).  Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.  See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases).  Thus, the Court lacks subject matter jurisdiction and the complaint should be dismissed.  See Ross v. United States, 2006 US Dist. LEXIS 82043 (D.D.C. 2006) (Bates).

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over his section 7433 damages claim.  Therefore, the Court should dismiss the amended complaint.

/ /

/ /

/ /

/ /

/ /

/ /

3071396.1

CONCLUSION

Because the Court has previously held that it lacks subject matter jurisdiction to grant the relief requested, and because plaintiff has failed to assert any new basis for subject matter jurisdiction, the complaint should be dismissed.

DATE: February 19, 2008.

Respectfully submitted,

/s/ Yonatan Gelblum
YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 305-3136/514-6866
Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

3071396.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SCOTT WHITTINGTON,                      )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )          No. 1:07-cv-02135 (RJL)
                                        )
UNITED STATES,                          )
                                        )
          Defendant.                    )

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

COMPLAINT supporting MEMORANDUM, and proposed ORDER were caused to be

served upon plaintiff *pro se* on the 19th day of February, 2008, by depositing a copy in

the United States' mail, postage prepaid, addressed as follows:

SCOTT A. WHITTINGTON
131 Jackrabbit Road
P.O. Box 2147
Woodland, Washington 98674

/s/ Yonatan Gelblum
YONATAN GELBLUM

3071396.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SCOTT WHITTINGTON,              )
                                       )
      Plaintiff,               )
                                       )
      v.                    )      No. 1:07-cv-02135 (RJL)
                                       )
UNITED STATES,               )
                                       )
      Defendant.           )

**O R D E R**

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered any opposition and reply thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov

SCOTT A. WHITTINGTON
*Plaintiff pro se*
131 Jackrabbit Road
P.O. Box 2147
Woodland, Washington 98674

3072426.1