RECEIVED

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| Scott Whittington, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>UNITED STATES (Government), )<br>)<br>Defendant. )<br>) | Case No: 1:07-CV-02135 (RJL)<br><br>**RESPONSE TO UNITED STATES'<br>MOTION TO DISMISS COMPLAINT** |

Plaintiff hereby responds to the United States' Motion to Dismiss Complaint:

### QUESTION PRESENTED

Is the defendant, once again by and with the active assistance of counsel, misrepresenting the status of the Court's subject matter jurisdiction?

### DISCUSSION

As discussed in greater detail in Plaintiff's Memorandum In Support of his Response to defendant's Motion to Dismiss, Defendant asserts (in its Memorandum In Support, p. 1.) that the instant case should be dismissed because

> "the Court dismissed a nearly-identical complaint filed by: the plaintiff, see Whittington v. United States, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007 ) (No. 1:07- CV-02135 (RJL)) [hereinafter Whittington I] holding that it lacked of subject matter jurisdiction...".

Because decisions by other members of the District of Columbia Court have, for nearly a year prior to dismissal of "Whittington I" (sic), and as recently as January 9,

2008, relied upon the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], to hold that "failure to exhaust" is nonjurisdictional. *Turner v. United States*, 429 F. Supp.2d 149 (D. D. C. 2006); *Evans v. United States*, 433 F. Supp. 2d 17, 2006 WL 2527976 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37 (D. D. C. 2006), etc., this technically assertion lacks legal merit.

In *Turner*, the Honorable John D. Bates applied *Arbaugh*'s rule, and "...conclude[d] that the exhaustion requirement of section 7433(d)(1) is nonjurisdictional." *Lindsey* and a host of other cases thereafter, followed suit in deciding that "the exhaustion requirement of section 7433(d)(1) is nonjurisdictional."

The rule established by a unanimous Supreme Court in *Arbaugh*, set new precedent. With all due respect, the Court's dismissal of Whittington I (sic) for lack of subject matter jurisdiction was clearly erroneous.

NO BASIS FOR "FAILURE TO STATE A CLAIM"

While *Turner*, and *Lindsey*, and cases decided thereafter were dismissed for failure to state a claim based upon practically identical assertions that, "This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service" See: MEMO IN SUPPORT OF Motion to Dismiss 1:06-cv-01591-RJL, p. 3, such "demonstration" was never necessary.

The Supreme Court clarified pleading requirements in *Jones v Bock*, ___ U.S.

---

[1] *Arbaugh*'s effect on "failure to state a claim" is discussed more fully in Plaintiff's Response Memo.

\_\_\_\_\_, (Decided: January 22, 2007), 3 weeks prior to dismissal in "Whittington I" (sic), establishing that failure to <u>plead</u> exhaustion, as asserted by defendant, is distinguished from actual failure to exhaust.[2]

The full import of *Jones* was recently recognized by the Honorable Reggie B. Walton when he "REINSTATED" *Lindsey v. United States*, on February 1, 2008. SEE: Plaintiff's Memorandum In Support of Response, p.5, quoting *Lindsey*'s reinstatement

Notwithstanding the defendant's insistence that the Court should ignore Supreme Court precedent (when other Members of the Court have clearly decided to follow those precedents); whether "the Court has held that plaintiff failed to properly allege the filing of an administrative claim under 26 U.S.C. § 7433, as required by that section, Whittington I, at *2-*3," was rendered moot by *Jones v Bock*, \_\_ U.S. \_\_\_\_\_.

Paraphrasing *Lindsey*'s February 1, 2008 reinstatement, the Court should explicitly reject its earlier holding in Whittington I.

Based upon the foregoing, as elaborated upon in Plaintiff's Memorandum In Support, addressing the sole genuine issue raised in defendant's motion to dismiss the instant action, the motion should be denied.

\_\_\_\_\_Respectfully Submitted  MARCH  17TH  , 2008

_____

Scott Whittington

## CERTIFICATE OF SERVICE

---

[2] SEE: Memo In Support of Response, n 3, at p. 4.

I certify that I have served a copy of the forgoing on:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Dated  MARCH 17TH, 2008

[signature]

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Scott Whittington, | ) | |
| | ) | Case No: 1:07-CV-02135 (RJL) |
| Plaintiffs, | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **RESPONSE TO UNITED STATES'** |
| UNITED STATES (Government), | ) | **MOTION TO DISMISS COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff hereby elaborates upon his response to the United States' Motion to Dismiss Complaint:

## QUESTION PRESENTED

Is the defendant, once again by and with the active assistance of counsel, misrepresenting the status of the Court's subject matter jurisdiction?

## DISCUSSION

Defendant asserts in its Memorandum In Support, p. 1., that the instant case should be dismissed because

> "the Court dismissed a nearly-identical complaint filed by the plaintiff, see Whittington v. United States, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007 ) (No. 1:07- CV-02135 (RJL)) [hereinafter Whittington I] holding that it lacked of subject matter jurisdiction...".

Because decisions by other members of the District of Columbia Court have, for nearly a year prior to dismissal of "Whittington I" (sic), and as recently as January 9,

2008, relied upon the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], to hold that "failure to exhaust" is nonjurisdictional. SEE: *Turner v. United States*, 429 F. Supp.2d 149 (D. D. C. 2006); *Evans v. United States*, 433 F. Supp. 2d 17, 2006 WL 2527976 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37 (D. D. C. 2006), *Martin v. United States*, DDC 05-2506 (RMC), September 22, 2006, *Anderton v United States*, DDC 06-129 (RBW), and others., this technically correct assertion lacks legal merit.

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> If satisfaction of an essential element of a claim is at issue, however, *the jury is the proper trier of contested facts.* (Emphasis added)

In *Turner*, the Honorable John D. Bates applied *Arbaugh*'s rule, and "...conclude[d] that the exhaustion requirement of section 7433(d)(1) is nonjurisdictional." *Lindsey* and a host of other cases thereafter[2], followed suit in

---

[1] In *Arbaugh*, decided February 22, 2006, the Supreme Court examined "essential element of a claim" in respect of factual matters. *Arbaugh*, at 1240. Citing to Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133, the *Arbaugh* Court reiterated:
> If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts.

[2] In *Shane v. United States*, Civil Action No. 07-577 (RBW), slip op. at 12-14, 2008 WL 101739, at **6-7 (D.D.C.Jan. 9, 2008) (Walton, J.) The Court elaborated:
> "The defendant's entire argument is based on the flawed premise that the plaintiff must plead exhaustion of his administrative remedies to establish the Court's subject-matter jurisdiction. As this Court has explained repeatedly in a series of decisions issued over the past two years, the defendant cannot denominate every possible defense available to it as "jurisdictional" in nature merely because those defenses relate in some abstract way to the defendant's sovereign immunity. See Smith v. United States, Civil Action No. 06-633, 2007 WL 2932569, **6-7 (D.D.C. Oct. 9, 2007) (Walton, J.) (holding that the general rule that "a statute of

deciding that "the exhaustion requirement of section 7433(d)(1) is nonjurisdictional."

The rule established by a unanimous Supreme Court in *Arbaugh* set new precedent. With all due respect, the Court's dismissal of "Whittington I" (sic) for lack of subject matter jurisdiction was clearly erroneous.

NO BASIS FOR "FAILURE TO STATE A CLAIM"

While *Turner*, and *Lindsey*, and cases decided thereafter were dismissed for failure to state a claim based upon practically identical assertions that, "This Court does not have jurisdiction over plaintiff's section 7433 claim because he has <u>failed to demonstrate</u> that he filed a proper administrative claim for damages with the Internal Revenue Service" See: MEMO IN SUPPORT OF Motion to Dismiss 1:06-cv-01591-RJL, p. 3 (emphasis added), such a "demonstration" was unnecessary.

The Supreme Court clarified pleading requirements in *Jones v Bock*, __ U.S. _____, (Decided: January 22, 2007), 3 weeks prior to dismissal in "Whittington I" (sic), establishing that failure to <u>plead</u> exhaustion, as asserted by defendant, is distinguished

---

limitations defense is not jurisdictional in nature . . . applies with equal force to the statute of limitations set forth in [28 U.S.C.] § 2401 notwithstanding the jurisdictional nature of sovereign immunity itself" (internal quotation and citation omitted)); P&V Enters. v. U.S. Army Corps of Eng'rs, 466 F. Supp. 2d 134, 147-49 (D.D.C. 2006) (Walton, J.) (holding that the statute of limitations set forth in 28 U.S.C. § 2401(a) is "non-jurisdictional" in nature); Lindsey v. United States, 448 F. Supp. 2d 37, 50-54 (D.D.C. 2006) (Walton, J.) ("Only where a statute contains sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion may courts conclude that a particular exhaustion requirement is jurisdictional." Internal quotation and citation omitted.)). Indeed, the Court specifically held in Lindsey that "the exhaustion requirement imposed by § 7433 is not jurisdictional," Lindsey, 448 F. Supp. 2d at 54, because "[n]othing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayer suits seeking damages for the conduct of the IRS," id. at 52 (citing Avocados Plus v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004)). The rationale behind these rulings is altogether straightforward: unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, . . . courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 502 (2006)."

from actual failure to exhaust.[3]

In *Jones v Bock,* 549 U.S. __, 127 S. Ct. 910 (2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

and that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[4]

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Plaintiff asserts that the Verified Complaint in "Whittington I" (sic) met the "notice

---

[3] *Turner*, and *Lindsey*, and cases decided thereafter were dismissed for failure to state a claim, "That does not mean," in the Honorable Bates' words in *Turner*, "that this is a distinction without a difference. Quite the contrary; in many situations, the distinction between a fact that is "jurisdictional" in nature and afact that instead is an element of a claim may have important consequences for civil litigants."

Such a "distinction" is found in comparing the ORDER dismissing "Whittington I" (sic), with defendant's Motion to Dismiss that case. The Court dismissed "Whittington I" (sic) for failure to exhaust, while defendant asserted only that "This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service." MEMO IN SUPPORT OF Motion to Dismiss 1:06-cv-01591-RJL, p. 3.

[4] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163. Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

| Whittington v. United States | Page 4 of 7 | MEMORANDUM IN SUPPORT OF RESPONSE TO UNITED STATES' MOTION TO DISMISS COMPLAINT |
|---|---|---|

pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[5], and reiterated in *Jones v. Bock,* 549 U.S. __, 127 S. Ct. 910 (January, 2007), in that 7433 "does not itself require plaintiffs to plead exhaustion", *Jones v Bock*, citing *Leatherman, supra*, at 168[6].

The full import of *Jones* was recently recognized by the Honorable Reggie B. Walton when he "REINSTATED" *Lindsey v. United States,*[7] on February 1, 2008.

In reinstating *Lindsey*, the Honorable Walton, J., opined:

"As the plaintiffs correctly note, the Supreme Court recently held in Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910 (2007), that the "failure to exhaust [administrative] remedies is no basis for dismissal [under Federal Rule of Civil Procedure 12(b)(6)], but is, rather, an affirmative defense." Pls.' Reply at 3; see also Jones, ___ U.S. at ___, 127 S. Ct. at 920-21 (holding that an exhaustion defense cannot be "subsumed" within the larger rubric of the defense of "failure to state a claim" under Rule 12(b)(6) because "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract"). Indeed, this Court reached this precise conclusion in a recent memorandum opinion involving the defendant's motion to dismiss a taxpayer's suit for damages under § 7433. See Shane v. United States, Civil Action No. 07-577 (RBW), slip op. at 12-14, 2008 WL 101739, at **6-7 (D.D.C.Jan. 9, 2008) (Walton, J.) (holding that under Jones, "exhaustion of administrative remedies is not an element of the plaintiff's claim under § 7433," but rather is an affirmative defense that the plaintiff need not plead around in his complaint).

---

[5] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[6] To the extent that *Conley v. Gibson*, 355 U.S. 41 was superseded by *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007), imposing the more stringent pleading requirement that "facts...must be sufficiently detailed "to raise a right to relief above the speculative level." Plaintiff asserts that he should be granted leave to amend his Verified Complaint in the event that the Court finds that Plaintiff's Verified Complaint is factually lacking. See: Haines v. Kerner, 404 U.S. 519, 520 (1972).

[7] Dismissed with prejudice October 4, 2006.

| Whittington v. United States | Page 5 of 7 | MEMORANDUM IN SUPPORT OF RESPONSE TO UNITED STATES' MOTION TO DISMISS COMPLAINT |

> "In reaching its conclusion in Shane that a plaintiff's complaint could not be dismissed under Rule 12(b)(6) for failure to plead exhaustion of administrative remedies, *the Court explicitly rejected its earlier holding in this case* that the plaintiffs' claims under § 7433 had to be dismissed for failure to state a claim because the plaintiffs '"d[id] not contest that they did not exhaust the administrative remedies promulgated in 26 C.F.R. § 301.7433-1."' Shane, slip op. at 13-14, 2008 WL 101739, at *7 (quoting Lindsey, 448 F. Supp. 2d at 61). Instead, the Court held that "a plaintiff's complaint [could not] be dismissed under Rule 12(b)(6) merely because that plaintiff failed to allege that he exhausted his administrative remedies in his opposition to a motion to dismiss any more than it could be dismissed because the plaintiff failed to make those allegations in the complaint itself." Id. at 14, 2008 WL 101739, at *7. The Court therefore denied the defendant's request for dismissal of the plaintiff's amended complaint for failure to plead exhaustion of administrative remedies. Id., 2008 WL 101739, at *7." (Emphasis added)

Notwithstanding the defendant's insistence that the Court should ignore Supreme Court precedents (when other Members of the Court have clearly decided to follow those precedents); whether "the Court [in Whittington I] held that plaintiff failed to properly allege the filing of an administrative claim under 26 U.S.C. § 7433, as required by that section, Whittington I, at *2-*3," was rendered moot by *Jones v Bock*, ___ U.S. ___.

Paraphrasing *Lindsey*'s February 1, 2008 reinstatement, the Court should explicitly reject its earlier holding in "Whittington I" (sic).

Based upon the foregoing, addressing the sole issue raised in defendant's motion to dismiss the instant action, the motion should be denied.

*****

*****

Respectfully Submitted  MARCH 17TH, 2008

*[signature]*
Scott Whittington

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Dated  MARCH 17TH, 2008

*[signature]*