RECEIVED

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Scott Whittington, | ) | |
| | ) | Case No: 1:07-CV-02135 (RJL) |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES (Government), | ) | **RESPONSE TO UNITED STATES'** |
| | ) | **MOTION TO CONTINUE** |
| Defendant. | ) | **SCHEDULING CONFFERENCE** |
| | ) | |

Plaintiff hereby responds to the United States' Motion to Continue Scheduling Conference.

Defendant seeks a continuance based upon the Motion to Dismiss the instant case, asserting in the Motion to Dismiss that the instant case should be dismissed because

> "the Court dismissed a nearly-identical complaint filed by: the plaintiff, see Whittington v. United States, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007 ) (No. 1:07- CV-02135 (RJL)) [hereinafter Whittington I] holding that it lacked of subject matter jurisdiction...".

Based upon Plaintiff"s Response to the Motion to Dismiss, itself based upon decisions by other members of the District of Columbia Court which, for nearly a year prior to dismissal of "Whittington I" (sic), and as recently as January 9, 2008, relied upon the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1],

---

[1] *Arbaugh*'s effect on "failure to state a claim" is discussed more fully in Plaintiff's Response Memo.

to hold that "failure to exhaust" is nonjurisdictional. *Turner v. United States*, 429 F. Supp.2d 149 (D. D. C. 2006); *Evans v. United States*, 433 F. Supp. 2d 17, 2006 WL 2527976 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37 (D. D. C. 2006), etc., defendant's assumption that the instant case will be dismissed (and the scheduling conference rendered moot thereby) is not well grounded.

As discussed at length in Plaintiff's Response to defendant's Motion to Dismiss, and the Memorandum in Support thereof, the Honorable John D. Bates applied *Arbaugh*'s rule, and "...conclude[d] that the exhaustion requirement of section 7433(d)(1) is nonjurisdictional" in *Turner*, eleven months before dismissal of "Whittington I" (sic). *Lindsey* and a host of other cases followed suit in deciding that "the exhaustion requirement of section 7433(d)(1) is nonjurisdictional."

The rule established by a unanimous Supreme Court in *Arbaugh*, set new precedent. With all due respect, the Court's dismissal of Whittington I (sic) for lack of subject matter jurisdiction was clearly erroneous. It should not, and cannot, form the basis for dismissing the instant case.


NO BASIS FOR "FAILURE TO STATE A CLAIM"

The *Turner*, and *Lindsey*, cases, and others decided thereafter, were dismissed for failure to state a claim based upon practically identical assertions that, "This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service" See: MEMO IN SUPPORT OF Motion to Dismiss 1:06-cv-01591-RJL, p. 3.

As established by the Supreme Court's clarification of pleading requirements in *Jones v Bock,* __ U.S. _____, (Decided: January 22, 2007), 3 weeks prior to dismissal in "Whittington I" (sic), failure to <u>plead</u> exhaustion, as asserted by defendant, is an affirmative defense that cannot form the basis for dismissal for failure to state a claim.[2]

The full import of *Jones*, recently recognized by the Honorable Reggie B. Walton when he "REINSTATED" *Lindsey*, as it applies to the Motion to Continue, is exemplified in Plaintiff's Memorandum In Support of Response to Motion to Dismiss, p.5, quoting *Lindsey* 's reinstatement

Based upon the foregoing, and upon Plaintiff's Response to Motion to Dismiss, and the points raised therein and elaborated upon in Plaintiff's Memorandum In Support of Response to Motion to Dismiss, the Motion to Continue should be denied.

_____Respectfully Submitted _MARCH, 17TH_, 2008

_/s/ Scott Whittington_
Scott Whittington

### CERTIFICATE OF SERVICE
I certify that I have served a copy of the forgoing on:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Dated _MARCH, 17TH_____, 2008

_/s/_

---

[2] SEE: Memo In Support of Response to Motion to Dismiss, n 3, at p. 4.

_____