IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT WHITTINGTON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-cv-02135 (RJL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
|     Defendant. ) | |

**UNITED STATES' MOTION FOR LEAVE TO FILE A REPLY OUT OF TIME**

DEFENDANT, the United States of America, respectfully moves the Court for leave to file the attached proposed reply to the plaintiff's opposition to its motion to dismiss out of time. Counsel for the United States was served electronically on March 24, 2008, when the Court entered the plaintiff's opposition on the docket, and therefore planned to reply no later than April 3, 2008, pursuant to LCvR 7.1(d) & Fed. R. Civ. P. 6(a). He realized yesterday, after he had received and reviewed the mailed copy of the opposition, that service by mail was effected on March 17, 2008, so that a reply, if any, was to have been filed by March 27, 2008. Accordingly, the United States requests leave, pursuant to Fed. R. Civ. P. 6(b)(2), to file the attached reply out of time.

/ /

/ /

/ /

/ /

/ /

3169158.1

Pursuant to LCvR 7(m), counsel for the United States certifies that he attempted to call the plaintiff twice in order to determine whether this motion would be opposed or not, and has been unable to reach the plaintiff.

DATE: April 1, 2008.

                Respectfully submitted,

                /s/ Yonatan Gelblum
                YONATAN GELBLUM
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 227
                Washington, DC  20044
                Phone/Fax:  (202) 305-3136/514-6866
                Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02135 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION FOR A LEAVE TO FILE A REPLY OUT OF TIME, REPLY TO and PROPOSED ORDER were caused to be served upon plaintiff *pro se* on the 1st day of April, 2008 by federal express addressed as follows:

>SCOTT A. WHITTINGTON
>131 Jackrabbit Road
>Woodland, Washington 98674

>/s/ Yonatan Gelblum
>YONATAN GELBLUM

-2-

3169158.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT WHITTINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07-cv-02135 (RJL) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS COMPLAINT**

ISSUE PRESENTED

Plaintiff asks the Court to reconsider its holding in Whittington v.United States, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007 ) (No. 1:07-CV-02135 (RJL)) [hereinafter Whittington I] that it lacked subject matter jurisdiction over a complaint stating nearly identical allegations to the allegations in the present suit. The complaint consists of generalized allegations without factual support, which do not allege improper collection activities with respect to the plaintiff. Should the Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted?

ARGUMENT

The Court's holding in Whittington I that the administrative exhaustion requirement is jurisdictional properly interpreted the scope of the waiver of

3168132.1

sovereign immunity contained in 26 U.S.C. § 7433, and should not be reversed. Should the Court reverse its prior holding, however, it should still dismiss the complaint for lack of subject matter jurisdiction, since it fails to allege improper collection activities with respect to the plaintiff, or alternatively, it should dismiss the complaint under Fed. R. Civ. Proc. 12(b)(6) for failing to provide the necessary factual details to state a claim.

### THE COURT SHOULD NOT REVERSE ITS HOLDING IN WHITTINGTON I

The Court correctly held in Whittington I that it lacks subject matter jurisdiction over complaints such as the complaint in this case. The United States recognizes that the Court has dismissed some similar complaints for failure to state a claim, holding that the failure to exhaust administrative remedies was not a jurisdictional defect. See, e.g., Turner v. United States, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates, J.). It respectfully asserts that when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"). One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of

administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Therefore, the United States respectfully requests that the Court consider the statement in Lehman and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, as it had in Whittington I and thus an aspect of subject matter jurisdiction, and accordingly dismiss this complaint for lack of subject matter jurisdiction.

PLAINTIFF'S ALLEGATIONS DO NOT IMPLICATE 26 U.S.C. § 7433

Even if the Court were to reverse its prior holding, it would lack subject matter jurisdiction under 26 U.S.C. § 7433 over the complaint, whose counts fail to allege activities in "connection with any collection of Federal tax with respect to a taxpayer," 26 U.S.C. § 7433.

Here, the plaintiff has failed to establish the court's subject matter jurisdiction under a basis other than 26 U.S.C. § 7433,1/ since the Court has rejected the alternative bases of jurisdiction alleged by plaintiff. Ross v. United States, 460 F. Supp. 2d 139 (D.D.C. 2006), whose analysis this Court explicitly adopted in Whittington I, 2007 U.S. Dist. LEXIS 9924 at *4, held that the Administrative Procedures Act, the National Archives Act, and the Federal

---

1/ A plaintiff bears the burden of establishing jurisdiction. Filebark v. United States DOT, 468 F. Supp. 2d 3, 4 n. 1 (D.D.C. 2006) (Leon, J.)

Records Act do not grant subject matter jurisdiction over violations of the Internal Revenue Code. Ross, 460 F. Supp. 2d at 148-51. Thus, even if the Court were to reverse its holding in Whittington I as the plaintiff urges, its prior holdings in regard to these alternative bases for jurisdiction mean that it lacks subject matter jurisdiction if 26 U.S.C. § 7433 is inapplicable.

Section 7433, in turn, only grants subject matter jurisdiction in relation to complaints that arise from the collection of taxes and with respect to a taxpayer. Thus, it cannot be used to challenge activities relating to aspects of tax administration other than collection. See, e.g., Buaiz v. United States, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). Accordingly, all counts in the plaintiff's

complaint that do not relate to collections should be dismissed for lack of subject matter jurisdiction. This Court has previously held, in relation to a complaint asserting identical counts, that counts 1-20 and 33 do not arise from collection activities. Wesselman v. United States, 501 F.2d 98, 101-02 (D.D.C. 2007). The counts thus dismissed are those that relate to recordkeeping, disclosure, substitute tax returns, and assessments, or allege a failure to promulgate regulations and procedures. Id. These counts should again be dismissed for lack of jurisdiction as they do not arise from the collection of taxes.

Furthermore, the remaining counts, which do not allege any wrongs committed against the plaintiff, do not fall under the scope of 26 U.S.C § 7433, which only addresses violations "in connection with any collection of Federal tax with respect to a taxpayer" (emphasis added). Thus, a suit under section 7433 must be filed by a taxpayer in respect to whose taxes the collection activities at issue occurred. Ferrel v. Brown, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993), aff'd & adopted by Ferrel v. Brown, 40 F.3d 1049 (9th Cir. 1994).

Here, the counts in the plaintiff's complaint that cite to statutory sections related to collection of taxes fail to allege a violation "in connection with any collection of Federal tax with respect to" the plaintiff. Many of these counts allege a failure to "implement" provisions of the Internal Revenue Code, without

even alleging actual violations of any statutes.  See, e.g., counts 20-26 (Compl. at 11-13) (alleging failure to implement 26 U.S.C. § 6301, which merely states that "[t]he Secretary shall collect the taxes imposed by the internal revenue laws.").  Even those counts that assert violations do not indicate whether and how the plaintiff was impacted by such violations.  Thus, those counts that merely repeat the language of sections of the Internal Revenue Code relating to collections still fail to establish that this action is properly brought within the scope of section 7433, as they do not show a nexus to the plaintiff, and should also be dismissed for lack of jurisdiction.

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES FOR FAILURE TO STATE A CLAIM UNDER 26 U.S.C § 7433.

Alternatively, as noted in the United States' initial moving papers, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (United States' P. & A. in Support of Mot. to Dismiss at 4 n. 1.)  Plaintiff's complaint for damages under 26 U.S.C. § 7433 is legally insufficient because it fails to provide the necessary factual detail to state a claim.  A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiff's complaint to support a claim for damages; and thus, this court should conclude that the

plaintiff has not, in fact or law, stated such a claim. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007), cited by Wesselman, 501 F. Supp. 2d at 102.

As noted by this Court when evaluating the identical claims made in Wesselman, they are "entirely devoid of factual allegations." Wesselman, 501 F. Supp. 2d at 102. They merely parrot the statutory language of the Internal Revenue Code sections to which they cite, without giving details as to assessments, liens, dates, or the specific conduct of Internal Revenue Service employees that brought about the alleged violations of the statutes cited. Id. See also Radcliffe v. United States, 519 F. Supp. 2d 84 (D.D.C. 2007) (Leon, J.) (dismissing under Fed. R. Civ. P. 12(b)(6) a complaint in which 20 of the allegations were identical to allegations in this complaint). In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss his complaint. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65.

/ /

/ /

/ /

CONCLUSION

For the foregoing reasons, plaintiff's complaint should be dismissed for lack of jurisdiction, or alternatively, for failure to state a claim.

DATE: April 1, 2008.

                                  Respectfully submitted,

                                  /s/ Yonatan Gelblum
                                  YONATAN GELBLUM
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  Post Office Box 227
                                  Washington, DC  20044
                                  Phone/Fax:  (202) 305-3136/514-6866
                                  Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02135 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Having considered the United States' motion for leave to file a reply out of time, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that the motion for leave to file is GRANTED;

ORDERED that the Clerk file the proposed surreply attached to the motion as the plaintiff's surreply to Defendant's Response;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

3170008.1

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov

SCOTT A. WHITTINGTON
*Plaintiff pro se*
131 Jackrabbit Road
P.O. Box 2147
Woodland, Washington 98674

3170008.1