# RECEIVED

APR 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court

## FOR THE DISTRICT OF COLUMBIA

Scott A. Whittington
131 Jackrabbit Road
PO Box 2147
Woodland, Washington 98674
360-225-1838

Case No. 1:07-CV-02135 (RJL)

Jury Trial Demanded

        Plaintiff(s),

v.

UNITED STATES OF AMERICA

        Defendant.

## AMENDED
### VERIFIED COMPLAINT, PETITION, AND CLAIM FOR JUDICIAL REVIEW AND FOR DAMAGES
### UNDER THE AUTHORITY OF 26 U.S.C. § 7433[1]

### INTRODUCTION

COME(S) NOW Scott A. Whittington, in his own right, <u>Faretta v. California</u>, 422 US

809, reserving his/her right to Assistance of Counsel, Id., AMENDMENT VI, UNITED

STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC §

2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS,

---

[1] Pursuant to the terms of 26 USC 7433(a) plaintiff is instructed to sue the United States (Government), The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgement, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard cited sections of the Internal Revenue Code and Code of Federal Regulations while engaged in collection activity regarding plaintiff(s).

implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993 and for his cause(s) of action, aver(s):

## I.    PARTIES

A.    Scott A. Whittington, plaintiff, is a Citizen of Washington, a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction

1.    pursuant to §§ 704 and 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392; 393, to determine whether officers or employees responsible for agency actions[2] subject of Counts one through thirty-nine, below, disregarded identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder; and,

2.    pursuant to the FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*; and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*, to review the agency record for the purposes described in ¶ II.A., above; and,

---

[2]"Agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act;" 5 USC 551 (13).

B.    Upon such finding, the district court of the United States has power,
pursuant to § 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat.
393, to compel agency action unlawfully withheld or unreasonably denied;
Id., 80 Stat. 393 , and to hold unlawful and set aside agency action,
findings, and conclusions found to be,

1. in disregard of, i.e., not in accordance with, the identified
provisions of the INTERNAL REVENUE CODE and regulations
promulgated thereunder;

2. contrary to constitutional right, power, privilege, or immunity; in
excess of statutory jurisdiction, authority, or limitations of the
identified provisions of the INTERNAL REVENUE CODE and
regulations promulgated thereunder, or

3. short of statutory right; without observance of procedure
required by the identified provisions of the INTERNAL REVENUE
CODE and regulations promulgated thereunder, and,

C.    Upon such finding, to award damages for such disregard of identified
provisions of the INTERNAL REVENUE CODE and regulations
promulgated thereunder, pursuant to the Taxpayers' Bill of Rights, P.L
105-206, § 3102, 112 Stat 730, *aka* § 7433 of the Internal Revenue Code
of 1986, 102 Stat. 3747, as amended

III.   **VENUE**

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the
permanent seat of government of the United States pursuant to Title 4, United

States Code, § 71, 61 Stat. 643, wherein "The Office of the Secretary" is

required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat.

643, and is so exercised, at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.  ALLEGATIONS[3]

Plaintiff, in accordance with the "notice pleading" requirements set forth in

Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41, reiterated in *Jones

v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), as modified in

BELL ATLANTIC CORP. et al. v. TWOMBLY et al. ___ U.S. ___ (May, 2007), alleges:

As described in Plaintiff's attached **VERIFIED STATEMENT OF FACTS**, filed

concurrently:

COUNT 1

By disregard of Internal Revenue Code section 6001 , 68A Stat. 731, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of

a requirement keep records, make statements, or file returns with respect to any tax

imposed in the Internal Revenue Code.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d),

promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement

the provisions of Internal Revenue Code section 6001 with respect to income tax imposed

---

[3] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Scott A. Whittington as authorized if a "...person shall fail to make a return required...".

COUNT 4

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Scott A. Whittington.

COUNT 5

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Scott A. Whittington.

COUNT 6

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Scott A. Whittington.

COUNT 7

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Scott A. Whittington.

COUNT 8

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Scott A. Whittington.

COUNT 9

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

COUNT 10

By disregard of Internal Revenue Code section 6109  , 75 Stat. 828, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.      aliens, see 42 USC § 405(c)(2)(B)(i)(I); and,

2.      applicants for/recipients of federal benefits, see 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 11

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

1.    Taxes shown on return 26 USC § 6201(a)(1); and,

2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 12

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

COUNT 13

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 14

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Scott A. Whittington.

COUNT 15

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment.

COUNT 16

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 17

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

COUNT 18

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 19

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1.    The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2.    The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3.    The Commissioner of Internal Revenue failed to develop and implement a

review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 20

By disregard of Federal Tax Regulations in 27 CFR Part 24, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant

to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 23

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 24

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 25

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 26

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 27

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 28

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to

implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 29

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 31

By disregard of Internal Revenue Code section 6320 , 112 Stat. 746, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 32

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand.

COUNT 33

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

COUNT 34

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 35

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 36

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in the State of Washington.

COUNT 37

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 38

By disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 39

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a),

with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, unlawfully disclosed return information - by filing notice(s) of lien(s) in stated amounts for which no record of assessment exists.

## V

## SPECIAL MATTERS

Counts one through thirty-nine, above, are re-alleged and incorporated as if fully set forth herein. Upon information and belief, each disregard of provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder identified above; intended to defeat the application of the respective provision of the Internal Revenue Code, is a separate and distinct violation of IRC § 7214(a)(3).

### REMEDY SOUGHT

. Plaintiffs seek a determination that principals, officers, agents, and/or employees of defendant's agency (Internal Revenue Service) disregarded cited provisions of the Internal Revenue Code and/or regulations promulgated under that Title with intent to defeat the application thereof.

. Upon determination as sought, plaintiff(s) seek(s) an ORDER:

1. compelling agency action unlawfully withheld or unreasonably denied;

2. holding unlawful and setting aside the agency actions, findings, and conclusions found to be,

> A. in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;

    B. contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or

    C. short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, and,

3.    directing defendants to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard.

Dated: _24 APRIL_, 2007

_Scott A. Whittington_

Scott A. Whittington

> Notary Public
> State of Washington
> BRIAN JOSEPH CLAMENT
> My Appointment Expires Aug 24, 2010

## Jurat

Sworn to and subscribed before me, a Notary Public in the State of _Washington_, this _24_ day of _APRIL_, 2007.

Notary Public

My Commission expires: _AUG 24, 2010_

# A F F I D A V I T

Affiant, Scott A. Whittington, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.    It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.    Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.    Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.    Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10.    Affiant is not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence affiant has received from defendant's agency.

11.    Affiant has diligently and repeatedly sought to remedy this situation with the IRS.

12.    The IRS has ignored, dismissed or trivialized any attempt to discuss an amicable

settlement.

13.    Affiant has commenced this action within two (2) years after the date on which the right of this action accrued.

14    Affiant believes there is no possible way that the United States can answer any of the claims made in this pleading.

Dated: __24 APRIL_____, 2007

_____
Scott A. Whittington

> Notary Public
> State of Washington
> BRIAN JOSEPH CLAMENT
> My Appointment Expires Aug 24, 2010

<u>Jurat</u>

Sworn to and subscribed before me, a Notary Public in the State of Washington, this

__24__ day of ___APRIL_____ 2007.

_____
Notary Public

My Commission expires: _Aug 24, 2010_

# United States District Court
## IN THE DISTRICT OF COLUMBIA

Scott A. Whittington,
P.O. Box 2147,                              Case No. 1:07-CV-02135 (RJL)
360-225-1848

          Plaintiff,

v.

United States

          Defendant.

## STATEMENT OF FACTS

1.     On or about June 2, 1998, I sent a letter to the IRS district director Paul Beene telling him "I intend to comply with the law, and I know of no tax that I am liable for." I attached exhibits in support of my letter. To be sure my position was correct & lawful I sought legal & professional advice, for which I paid and also attached those to the letter. I asked the director & his counsel to review my documents in there entirety and advise me within the next 30 days if they found any errors. I also stated if I did not hear from them in the next 30 days "I can only presume that my legal & professional counselors have advised me correctly" - The director & his counsel failed to respond.

     A.     Upon information and belief, that June 2, 1998 Letter, received: by the IRS District Director, in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide

competent evidence of agency activity affecting my legal, financial, or other rights.

B.     Upon information and belief, it was and is the duty of the IRS District Director, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part as a matter of Service Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);
>
> P-11-23 (Approved 06-14-1967);
>
> P-11-68 (Approved 01-28-1977);

C.     Upon information and belief, the IRS District Director, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my June 2, 1998, Letter and request for record evidence within 10 days, advising me of the date I could expect such competent evidence.

D.     Upon information and belief, the IRS District Director had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation

I might have had under the law to file federal income tax returns.  Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions.  *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

2.    The IRS District Director failed to respond at any time, in any way.

    A.    Upon information and belief, the failure of the IRS District Director to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

    B.    Upon information and belief, the failure of the IRS District Director to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

3.    Around this time frame I also gave my employer a "constructive notice and demand to cease withholdings" and a "Statement of citizenship in lieu of form W-4" and my employer eventually stopped withholding.

4.    On or about April 6, 1999, I received a Letter 2967(CG) regarding the "questionable W-4 program" -  The IRS (C. L. Fields - tax examiner) wrote back in part, "I am unable to approve..." (sic)"... your substitute statement for form W-4" citing no authority or regulations. Mr. Fields also stated, "I have directed your employer to disregard your statement and withhold single 0 allowances" and threatened to

charge me a $500 civil penalty. The letter also stated "there are no formal or administrative procedures for appealing this determination." C. L. Fields - tax examiner, failed to address my original letter (#1 above) or provide me any regulatory authority for this "collection of tax at the source".

    A.    Upon information and belief, the Administrative Procedure Act, at 5. U.S.C. § 706, requires, or at least permits, judicial review of this agency action for lack of "formal or administrative procedures for appealing this determination", i.e., inadequate remedy.

5.    Simultaneously, my employer received the letter described by C. L. Fields - tax examiner, further instructing my employer NOT to honor any W-4 or substitute statement claiming more than 0. C. L. Fields - tax examiner, failed to provide my employer with any regulatory authority for this "collection of tax at the source".

    A.    Upon information and belief, the Administrative Procedure Act, at 5. U.S.C. § 706, requires, or at least permits, judicial review of this agency action for lack of "formal or administrative procedures for appealing this determination", i.e., inadequate remedy.

At this point I again sought professional assistance and hired an attorney.

6.    On or about April 15, 1999, I sent a cover letter and power of attorney to the IRS and asked them to correspond with my attorney.

7.    On or about June 7, 1999, I received a Notice CP-515/FORM 9358, with instructions to complete and return - I forwarded this to my attorney.

8.    On or about June 9, 1999, my attorney sent a letter to the district director informing him of the letter sent to my employer (#4 above) and cited judicial decisions holding

that the withholding process is strictly between the employee and employer and any unauthorized alteration of the W-4 is an act of forgery. My attorney sited several C.F.R.'s. The letter went on to demand that the IRS letter (#4 above) to my employer be revoked and to discontinue attempts to perpetrate an act which could lead the employer to commit a fraud. The letter also pointed out that the Internal Revenue Manual 6209, section 2, "Tax Returns and Forms", lists W-4 and W-4E as Tax Class 5 forms and that class is for Estate and Gift tax not withholding or income tax. -

A.    Upon information and belief, that June 9, 1999 Letter, received: by the IRS District Director, in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.    Upon information and belief, it was and is the duty of the IRS District Director, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part, or that of my attorney, as a matter of Service Policies:

P-1-156 (Approved 04-04-1994);

P-1-179 (Approved 07-24-1989);

P-1-180 (Approved 10-13-1967);

P-5-1 (Approved 08-18-1994)

P-5-2(2), (3), (4); (Approved 02-17-2000)

P-6-12(1), (2), (3) (Approved 03-14-1991);

P-6-13(1), (2) (Approved 09-14-1993);

P-6-20(1), (2); (Approved 11-04-1977);

P-6-21(1), (2); (Approved 11-04-1977);

P-11-23 (Approved 06-14-1967);

P-11-68 (Approved 01-28-1977);

C.     Upon information and belief, the IRS District Director, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Service Policies to respond to my attorney's June 9, 1999, Letter.

D.     Upon information and belief, the IRS District Director had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

9.    The IRS District Director failed to respond at any time, in any way.

A.     Upon information and belief, the failure of the IRS District Director to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

B.     Upon information and belief, the failure of the IRS District Director to produce

> record evidence of any obligation on my part to file federal income tax
> returns was an agency action, as that term is defined in the Administrative
> Procedure Act, acknowledging that no record evidence of such an obligation
> was found in the agency record.

10. C. L. Fields - tax examiner, failed to revoke the letter; failed to stop interfering with
my withholding process; and failed to respond to my attorney.

11. On or about June 16, 1999, my attorney also sent a letter to the IRS in response to
the CP-515/FORM 9358 (#5 above) explaining the reason I did not file a Form 1040
with the IRS was because I did not realize there was such a REQUIREMENT.
However, if there is a requirement of the general public to file this return, it must be
published in the Federal Register pursuant to the federal Register Act, 44 U.S.C.
§1501 et seq. My attorney asked the IRS to provide the volume, date and page
number of the Federal Register showing this requirement is published. My attorney
stated "As soon as I receive this information from you, I will be happy to have my
client comply with your request and file the return". -

A. Upon information and belief, that June 16, 1999 Letter, received: by the IRS
in the course of conducting the public business, was and is a federal record
as that term is defined in the Federal Records Act, 44 USC § 3101, et seq.,
and Government Services Administration Regulations, at 36 CFR Parts 1220
and 1222, implementing said Act, intended to provide competent evidence
of agency activity affecting my legal, financial, or other rights.

B. Upon information and belief, it was and is the duty of the IRS, as directed by
regulation of the Secretary of the Treasury, to correct any perceived

misunderstanding on my part, or that of my attorney, as a matter of Service
Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);
>
> P-11-23 (Approved 06-14-1967);
>
> P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, the IRS, as directed by regulation of the
Secretary of the Treasury, had a duty pursuant to Service Policies to respond
to my attorney's June 16, 1999, Letter.

D.    Upon information and belief, the IRS had a duty pursuant to the Federal
Records Act, to provide record evidence regarding publication(s) of
requirements in the Federal Register.

12.    IRS failed to provide the information, so I never filed the requested return.

13.    On or about August 13, 1999, I received a Letter 3175(SC), inferring the people I
had hired "encourage others to deliberately violate our nation's tax laws." And
stated "Federal courts have consistently ruled against the arguments you have

made. Therefore, we will not respond to future correspondence concerning these
issues." - Once again IRS failed to include any authority, and failed to provide the
requested information.

A.    Upon information and belief, it was and is the duty of the IRS, as directed by
      regulation of the Secretary of the Treasury, to correct any perceived
      misunderstanding on my part, or that of my attorney, as a matter of Service
      Policies:

                  P-1-156 (Approved 04-04-1994);

                  P-1-179 (Approved 07-24-1989);

                  P-1-180 (Approved 10-13-1967);

                  P-5-1 (Approved 08-18-1994)

                  P-5-2(2), (3), (4); (Approved 02-17-2000)

                  P-6-12(1), (2), (3) (Approved 03-14-1991);

                  P-6-13(1), (2) (Approved 09-14-1993);

                  P-6-20(1), (2); (Approved 11-04-1977);

                  P-6-21(1), (2); (Approved 11-04-1977);

                  P-11-23 (Approved 06-14-1967);

                  P-11-68 (Approved 01-28-1977);

14.   On or about August 30, 1999, my attorney sent a letter to the IRS in response to
      letter 3175(SC)  (#13 above) stating that the IRS has been unresponsive to our
      communications by ignoring our requests or giving nonsensical answers that do not
      address our requests. The letter also stated that it appeared the IRS is proceeding
      in bad faith with collection activities against me and had no intention of providing the

requested information.  The letter went on to point out that the IRS was in violation of the IR Manual and Administrative Procedure Act.  Once again my attorney said he would advise me to file and pay if the requested proof of my liability was provided.

A.    Upon information and belief, that August 30, 1999 Letter, received: by the IRS in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.    Upon information and belief, it was and is the duty of the IRS, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part, or that of my attorney, as a matter of Service Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);

P-11-23 (Approved 06-14-1967);

P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, the IRS District Director, as directed by
      regulation of the Secretary of the Treasury, had a duty pursuant to Service
      Policies to respond to my attorney's August 30, 1999, Letter.

D.    Upon information and belief, the IRS District Director had a duty pursuant to
      the Federal Records Act, to provide record evidence regarding any obligation
      I might have had under the law to file federal income tax returns. Congress,
      in enacting the Act, "intended, expected, and positively desired" that private
      parties whose rights may have been affected by governmental actions have
      access to the competent evidence of such actions. *American Friends
      Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

15.    The IRS failed to respond at any time, in any way.

A.    Upon information and belief, the failure of the IRS to correct any perceived
      misunderstanding on my part was an agency action, as that term is defined
      in the Administrative Procedure Act, acknowledging that my understanding
      was correct.

B.    Upon information and belief, the failure of the IRS to produce record
      evidence of any obligation on my part to file federal income tax returns was
      an agency action, as that term is defined in the Administrative Procedure Act,
      acknowledging that no record evidence of such an obligation was found in
      the agency record.

16.    On or about September 2, 1999, my attorney sent a letter to the Treasury Inspector

for Tax Administration informing the Inspector General that the IRS agent was failing to adhere to the IRS codes and regulations. The letter cited violations of the IR Manual, Administrative Procedures Act and CFR's. The letter once again ended with an offer to file and pay if the provided proof was provided. - Once again IRS failed to provide the requested information.

A.    Upon information and belief, the Treasury Inspector for Tax Administration had a duty, imposed in Section 8D of the Inspector General Act of 1978, as amended by section 1103, subsection (b), paragraph (7) of the IRS RESTRUCTURING AND REFORM ACT OF 1998, PUB. L. 105-206 to:

> "... exercise all duties and responsibilities of an Inspector General of an establishment with respect to the Department of the Treasury and the Secretary of the Treasury on all matters relating to the Internal Revenue Service."

17.    The Treasury Inspector for Tax Administration failed in his duty.

18.    On or about September 27, 1999, the IRS sent a Notice CP-518 saying my tax return was overdue, and threatened to summon my books & records, begin criminal proceedings and prepare a tax bill for me. They went on to say they may contact third parties "such as neighbors, banks, employers, or employees"

19.    On or about September 30, 1999, my attorney sent a letter to the IRS in response to Notice CP-518 (#18 above) once again requesting proof of my legal requirement to file the requested return and once again offering to file and pay if any monies were due once the proof was provided. -

A.    Upon information and belief, that September 30, 1999 Letter, received: by

the IRS in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.    Upon information and belief, it was and is the duty of the IRS, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part as a matter of Service Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);
>
> P-11-23 (Approved 06-14-1967);
>
> P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, the IRS, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my attorney's September 30, 1999, Letter and request for record evidence within 10 days, advising him of the date I could

expect such competent evidence.

    D.    Upon information and belief, the IRS had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

20.    The IRS failed to respond at any time, in any way.

    A.    Upon information and belief, the failure of the IRS to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

    B.    Upon information and belief, the failure of the IRS to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

21.    On or about December 6, 1999, the IRS sent a Notice CP 501 reminder notice and stated I still owe.

22.    On or about December 27, 1999, my attorney sent an "IMPLIED LEGAL NOTICE" for the misapplication of title 26 USC 6201, 6321 and/or 6331 signing of false documents, and mail fraud to the IRS.

A.    Upon information and belief, that December 27, 1999 Letter, received: by the
IRS in the course of conducting the public business, was and is a federal
record as that term is defined in the Federal Records Act, 44 USC § 3101,
et seq., and Government Services Administration Regulations, at 36 CFR
Parts 1220 and 1222, implementing said Act, intended to provide competent
evidence of agency activity affecting my legal, financial, or other rights.

B.    Upon information and belief, it was and is the duty of the IRS, as directed by
regulation of the Secretary of the Treasury, to correct any perceived
misunderstanding on my part as a matter of Service Policies:

P-1-156 (Approved 04-04-1994);

P-1-179 (Approved 07-24-1989);

P-1-180 (Approved 10-13-1967);

P-5-1 (Approved 08-18-1994)

P-5-2(2), (3), (4); (Approved 02-17-2000)

P-6-12(1), (2), (3) (Approved 03-14-1991);

P-6-13(1), (2) (Approved 09-14-1993);

P-6-20(1), (2); (Approved 11-04-1977);

P-6-21(1), (2); (Approved 11-04-1977);

P-11-23 (Approved 06-14-1967);

P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, the IRS, as directed by regulation of the
Secretary of the Treasury, had a duty pursuant to Treasury Regulation
601.702(c)(7) to respond to my attorney's December 27, 1999 Letter and

request for record evidence within 10 days, advising him of the date I could expect such competent evidence.

D.     Upon information and belief, the IRS had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

23.   The IRS failed to respond at any time, in any way.

A.     Upon information and belief, the failure of the IRS to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

B.     Upon information and belief, the failure of the IRS to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

24.   On or about December 31, 1999, the IRS sent a Notice CP-515 request for tax return.

25.   On or about February 11, 2000,

A.     The IRS sent me an undesignated letter claiming that my statement in lieu

of W-4 was wrong and that they instructed my employer to withhold single no allowances.

B       The IRS sent my employer an undesignated letter claiming that my statement in lieu of W-4 was wrong, instructing them to not honor my statement in lieu of W-4 and continue to withhold single and no allowances.

- My attorney responded see #32 below.

26.    On or about February 14, 2000, the IRS sent me an undesignated letter, stating that I may be required to file a return for 1997 & 1998, and scheduled an interview (with Aide Holland) and instructed me to bring all necessary records.

27.    On or about that same date, the IRS sent me a Notice CP 504, stating they intended to levy.

28.    On or about February 25, 2000 my attorney sent a response to the "interview letter" (#26 above). The letter served as implied legal notice to examination Aide Holland that the invitation served against me was unauthorized by statute and in error. The letter went on to cite several codes and why Aide Holland was in violation of them. The letter went on to offer a withdraw of the objection if we received a "proven rebuttal of the aforementioned (in the letter) statutes at large".

A.      Upon information and belief, that February 25, 2000 Letter, received: by the IRS in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.    Upon information and belief, it was and is the duty of the IRS, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part as a matter of Service Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);
>
> P-11-23 (Approved 06-14-1967);
>
> P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, the IRS, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my attorney's December 27, 1999 Letter and request for record evidence within 10 days, advising him of the date I could expect such competent evidence.

D.    Upon information and belief, the IRS had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private

parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

29.  The IRS failed to respond at any time, in any way.

    A.  Upon information and belief, the failure of the IRS to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

    B.  Upon information and belief, the failure of the IRS to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

30.  On or about February 29, 2000, I received a Letter from Ms. Holland in response to my attorney's letter of February 25 (#28 above) in which she states if I fail to show up "we" will proceed and may issue a statutory notice of deficiency. - She never offered any rebuttal whatsoever, so we did not withdraw our objection.

31.  On or about that same date, I received a Letter 3175(SC) from Ms. Holland (basically the same form letter I got in # 13 above, but it had Ms. Holland's signature). - She never offered any rebuttal whatsoever, so we did not withdraw our objection.

    A.  Upon information and belief, it was and is the duty of the Ms. Holland, as directed by regulation of the Secretary of the Treasury, to correct any

perceived misunderstanding on my part, or that of my attorney, as a matter
of Service Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);
>
> P-11-23 (Approved 06-14-1967);
>
> P-11-68 (Approved 01-28-1977);

32.   On or about April 12, 2000, my attorney sent a letter to the district director informing
      him of the letter sent to my employer (#25 above) and explained the withholding
      process is strictly between the employee and employer and any unauthorized
      alteration of the W-4 is an act of forgery. My attorney sited several C.F.R.'s. The
      letter went on to demand that the IRS letter (#25 above) to my employer be revoked
      and to discontinue attempts to perpetrate an act which could lead the employer to
      commit a fraud. The letter also pointed out that the Internal Revenue Manual 6209,
      section 2, "Tax Returns and Forms", lists W-4 and W-4E as Tax Class 5 forms and
      that class is for Estate and Gift tax not withholding or income tax. - The IRS did not
      revoke the letter nor did they stop interfering with my withholding process and they

never responded to this letter.

A.   Upon information and belief, that April 12, 2000 attorney Letter, received: by
     the IRS District Director, in the course of conducting the public business, was
     and is a federal record as that term is defined in the Federal Records Act, 44
     USC § 3101, et seq., and Government Services Administration Regulations,
     at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide
     competent evidence of agency activity affecting my legal, financial, or other
     rights.

B.   Upon information and belief, it was and is the duty of the IRS District
     Director, as directed by regulation of the Secretary of the Treasury, to correct
     any perceived misunderstanding on my part, or that of my attorney, as a
     matter of Service Policies:

                    P-1-156 (Approved 04-04-1994);

                    P-1-179 (Approved 07-24-1989);

                    P-1-180 (Approved 10-13-1967);

                    P-5-1 (Approved 08-18-1994)

                    P-5-2(2), (3), (4); (Approved 02-17-2000)

                    P-6-12(1), (2), (3) (Approved 03-14-1991);

                    P-6-13(1), (2) (Approved 09-14-1993);

                    P-6-20(1), (2); (Approved 11-04-1977);

                    P-6-21(1), (2); (Approved 11-04-1977);

                    P-11-23 (Approved 06-14-1967);

                    P-11-68 (Approved 01-28-1977);

C.      Upon information and belief, the IRS District Director, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Service Policies to respond to my attorney's April 12, 2000, Letter.

D.      Upon information and belief, the IRS District Director had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

33.    The IRS District Director failed to respond at any time, in any way.

A.      Upon information and belief, the failure of the IRS District Director to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

B.      Upon information and belief, the failure of the IRS District Director to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

34.    On or about May 12, 2000, I sent a Freedom of Information Act request to the IRS FOIA Reading Room, requesting documents that evidence my employer (Acme Construction Supply) is authorized to collect a public debt. IRS response #38

below.

35.    On or about that same date, I sent a Freedom of Information Act request to the IRS
       FOIA Reading Room, requesting documents that evidence that I was required to
       have a SSN# to work in the U.S.

36.    On or about that same date, I sent a Freedom of Information Act request to the IRS
       FOIA Reading Room, requesting documents that evidence that the IRS would
       assume responsibility should a company improperly withhold taxes from an
       employee.

37.    On or about June 21, 2000, the IRS sent me a NOTICE OF DEFICIENCY - 531(DO)
       - In part the letter stated "we have determined that you owe additional tax or other
       amounts, or both....".   Attached was a Form 4549A-CG that showed the amounts
       the IRS said I owe, there was no signature in the "Examiner's Signature" box.  Also
       attached was a Form 886-A.

38.    On or about June 30, 2000, IRS sent a purported response to my FOIA request re
       Acme Construction Supply, failing to respond and inferring I should go to a public
       library.

39.    On or about July 5, 2000, my attorney sent an "Implied Legal Notice" Letter to the
       District Director in response to the IRS NOTICE OF DEFICIENCY (#37 above). We
       offered to provide returns provided the District Director provided us a copy of the
       notice(s) issued from the district director on behalf of Scott A Whittington as
       required by Title 26 CFR 1.6001-1(d).

       A.     Upon information and belief, that February 25, 2000 Letter, received: by the
              IRS in the course of conducting the public business, was and is a federal

record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.  Upon information and belief, it was and is the duty of the IRS, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part as a matter of Service Policies:

> P-1-156 (Approved 04-04-1994);
>
> P-1-179 (Approved 07-24-1989);
>
> P-1-180 (Approved 10-13-1967);
>
> P-5-1 (Approved 08-18-1994)
>
> P-5-2(2), (3), (4); (Approved 02-17-2000)
>
> P-6-12(1), (2), (3) (Approved 03-14-1991);
>
> P-6-13(1), (2) (Approved 09-14-1993);
>
> P-6-20(1), (2); (Approved 11-04-1977);
>
> P-6-21(1), (2); (Approved 11-04-1977);
>
> P-11-23 (Approved 06-14-1967);
>
> P-11-68 (Approved 01-28-1977);

C.  Upon information and belief, the IRS, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my attorney's December 27, 1999 Letter and request for record evidence within 10 days, advising him of the date I could expect such competent evidence.

D.      Upon information and belief, the IRS had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

40.    The IRS failed to respond at any time, in any way.

A.      Upon information and belief, the failure of the IRS to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

B.      Upon information and belief, the failure of the IRS to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

41.    On or about September 1, 2000, I sent a power of attorney to the IRS so they knew who was representing me, I also asked them to address their inquiries to my attorney and transfer my file to the state my attorney was in.

42.    On or about October 16, 2000, the IRS sent me a tax bill (1997) instructing me my balance was over due.

43.    On or about November 13, 2000, the IRS sent me telling me "we changed your

account" and increased what they said I owed for 1997.

44.   On or about November 20, 2000, my attorney sent a Complaint to the Treasury Inspector General for Tax Administration against the District Director in Seattle. My attorney outlined the district director's misconduct and requested the District Director be investigated. He also asked for an acknowledgment of the complaint and for the case numbers assigned to the investigation.

   A.   Upon information and belief, the Treasury Inspector for Tax Administration had a duty, imposed in Section 8D of the Inspector General Act of 1978, as amended by section 1103, subsection (b), paragraph (7) of the IRS RESTRUCTURING AND REFORM ACT OF 1998, PUB. L. 105-206 to:

      "... exercise all duties and responsibilities of an Inspector General of an establishment with respect to the Department of the Treasury and the Secretary of the Treasury on all matters relating to the Internal Revenue Service."

45.   Upon information and belief (that the Treasury Inspector for Tax Administration neither acknowledged receipt of the Complaint, nor assigned a case number to the investigation), the Treasury Inspector for Tax Administration failed in his duty.

46.   On or about December 28, 2000, the IRS sent me a LTR 3064C, saying they could not transfer my file and instead asserting how much money I owed and instructing me of additional penalties and interest that would keep accumulating until I paid them.

47.   On or about January 9, 2001, my attorney sent a PRIVACY ACT REQUEST to the IRS Director of the Office of Disclosure requesting the name of the system of

records that may contain the records that evidence how, when and where Scott A Whittington was made liable for Federal Income Tax.

48.   On or about February 5, 2001, the IRS sent me 2 CP 503's informing me of the amount they said I owed for 1997 and that immediate action was required and if they did not hear form me they would proceed with steps required to collect the amount I owed.

49.   On or about February 12, 2001, my attorney sent an amendment to the complaint dated 11/20/00 sent to the Inspector General (#44 above). He added the two CP 503 letters dated 2/05/01 (#48 above). My attorney speculated the district director was retaliating and again asked for an acknowledgment of the complaint and a case number of the investigations.

 A. Upon information and belief, the Treasury Inspector for Tax Administration had a duty, imposed in Section 8D of the Inspector General Act of 1978, as amended by section 1103, subsection (b), paragraph (7) of the IRS RESTRUCTURING AND REFORM ACT OF 1998, PUB. L. 105-206 to:

  "... exercise all duties and responsibilities of an Inspector General of an establishment with respect to the Department of the Treasury and the Secretary of the Treasury on all matters relating to the Internal Revenue Service."

50.   Upon information and belief (that the Treasury Inspector for Tax Administration neither acknowledged receipt of the Complaint, nor assigned a case number to the investigation), the Treasury Inspector for Tax Administration failed in his duty.

51.   On or about February 21, 2001, the IRS responded to my Privacy Act Request

dated 1/9/01. The letter did not provide the requested information and inferred I go to the library or on line

52. On or about March 1, 2001, I sent an "Appeal Rights Request" to the Freedom of Information Appeal Commissioner of Internal Revenue. The letter stated in part "this is our request, under 5 USC 552, for an appeal with the IRS as per Notice 393." We asked for a copy of the actual, duly signed and certified, Summary Record of Assessments, Assessment Certificate as per Internal Revenue Manual 3.17.63.14.1 which states, "The Assessment Certificate is the legal document that permits collection activity". The letter went on to describe what the document should entail per a legal decision and published regulations. We requested that they do not send a RACS Report 006, Individual Master File or Certificate of Assessments and Payments, as these are not responsive to the request or the sited regulations. We simply asked "if there is no assessment Certificate as listed above, then please state "there is not assessment on file for Scott Andrew Whittington." We ended the letter by saying "We simply want a clear response to our request by supplying the documents or records requested, explaining why they are being withheld, or a statement that there are no records responsive to our request."

    A.  Upon information and belief, that March 1, 2001,"Appeal Rights Request" , received: by the Freedom of Information Appeal Commissioner of Internal Revenue, in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36

CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.    Upon information and belief, it was and is the duty of the IRS Freedom of Information Appeal Commissioner of Internal Revenue, as directed by regulation of the Secretary of the Treasury, to correct any perceived misunderstanding on my part as a matter of Service Policies:

P-1-156 (Approved 04-04-1994);

P-1-179 (Approved 07-24-1989);

P-1-180 (Approved 10-13-1967);

P-5-1 (Approved 08-18-1994)

P-5-2(2), (3), (4); (Approved 02-17-2000)

P-6-12(1), (2), (3) (Approved 03-14-1991);

P-6-13(1), (2) (Approved 09-14-1993);

P-6-20(1), (2); (Approved 11-04-1977);

P-6-21(1), (2); (Approved 11-04-1977);

P-11-23 (Approved 06-14-1967);

P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, the IRS Freedom of Information Appeal Commissioner of Internal Revenue, as directed by regulation of the Secretary of the Treasury, had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my March 1, 2001,"Appeal Rights Request", and request for record evidence within 10 days, advising me of the date I could

expect such competent evidence.

D.  Upon information and belief, the IRS Freedom of Information Appeal Commissioner had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

53. The IRS Freedom of Information Appeal Commissioner failed to respond at any time, in any way.

A.  Upon information and belief, the failure of the IRS Freedom of Information Appeal Commissioner to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

B.  Upon information and belief, the failure of the IRS Freedom of Information Appeal Commissioner to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

54. On or about March 12, 2001, the IRS sent me

A.  a CP 504 informing me of the amount they said I owed for 1997 CIVPEN and threatening to levy certain assets. They said to prevent collection action I

had to pay now.

B.      a CP 504 informing me of the amount they said I owed for 1997 1040A and
        threatening to levy certain assets. They said to prevent collection action I
        had to pay now.

C.      a CP 504 informing me of the amount they said I owed for 1998 1040A and
        threatening to levy certain assets. They said to prevent collection action I
        had to pay now.

55.     On or about March 21, 2001, my attorney sent an amendment to the complaint
        dated 2/12/01 sent to the Inspector General (#44 above, previously amended # 49,
        above). He added the three CP 504 letters dated 3/12/01 (#54,A, B, C, above). My
        attorney asked that the Chief ACS of Ogden be added to the investigation and
        again asked for an acknowledgement of the complaint and a case number of the
        investigatins.

        A.      Upon information and belief, the Treasury Inspector for Tax Administration
                had a duty, imposed in Section 8D of the Inspector General Act of 1978, as
                amended by section 1103, subsection (b), paragraph (7) of the IRS
                RESTRUCTURING AND REFORM ACT OF 1998, PUB. L. 105-206 to:

                "... exercise all duties and responsibilities of an Inspector General of
                an establishment with respect to the Department of the Treasury and
                the Secretary of the Treasury on all matters relating to the Internal
                Revenue Service."

56.     Upon information and belief (that the Treasury Inspector for Tax Administration
        neither acknowledged receipt of the Complaint, nor assigned a case number to the

investigation), the Treasury Inspector for Tax Administration failed in his duty.

57.    On or about April 12, 2001, the IRS sent a Letter 1058, "Final Notice - Notice of intent to Levy....".  The letter stated if I did not pay in 30 days "we may take your property or rights to property...".

58.    On or about April 23, 2001, we sent a letter requesting a due process hearing.  We attached the required forms and cited the lack of Due Process as the basis of our complaint/request.  We had never received the following documents as required by Title 26 code of Federal Regulations:

    1.    A copy of the certified, Form 23C and supporting record that I had been assessed...

    2.    The mandatory, Form 17, Notice and demand for assessed taxes, pursuant to Treasury Decision 1995.

    3.    The Notices the Secretary was required to serve me pursuant to 26 CFR t1.6001-1(d), specifically the Notices to keep books and records and to file returns.

    4.    The document that identifies the specific taxable source of income for which I was liable for pursuant to 26 CFR t1.861-8(f)(1).

    5.    The documents that evidence the particular tax for which I was liable.

    6.    The documents that evidence the particular form I was required to file for that tax.

    7.    The volume, date and page number in the Federal Register where a specific tax form and the obligation for me to file that tax form is published as per CFR 601.702(a)(2)(ii).

8.    Documents that verify, from the IRS office collecting the tax, that the requirements of all applicable laws and administrative procedures have been met as per the IRS Restructuring and Reform Act of 1998

9.    The Notice of Levy that was issued was invalid on its face as it does not identify a type of tax.

The letter went on to say that liability has not been determined and I cannot be held liable for a tax obligation nor can a determination be made until liability has been established. We also noted that none of the agents we had dealt with were able to provide the required documentation even though we had offered to file and pay numerous times if the documentation was provided. The letter ended with a FOIA request for the items listed in #1 to #9 above.

59.    On or about August 31,2001, the IRS Appeals Office in Portland OR sent a letter to me stating the intent to write or call my authorized representative to discuss my case and schedule a hearing.

A.    Upon information and belief, my representative and the IRS agent set the meeting for April 8th 2002 at 11:00 am.

60.    On or about March 11, 2002, my representative faxed a letter to the Appeals officer (Ingrid A. Kolosvary) that there were numerous procedural violations that he would be addressing at the hearing, he outlined a couple of the issues and requested a telephone conference with a court reporter present (provided by me). - The hearing happened on the 18th with a court reporter as agreed. I currently have the original transcript prepared and sealed by the reporter.

61.    On or about April 18, 2002, the COLLECTION DUE PROCESS HEARING started

at 9:26 am and concluded at 9:40 am. IRS personnel present were Ingrid Kolosvary (employee # 9-94881) and Marilyn Turner (employee # 91-06733). Also present was the court reporter and my representative Brian Malatesta (via telephone). Ms. Kolosvary stated "I've reviewed the file and determined that the legal and administrative requirements have been met". My representative cited several code sections and raised the issue that my substitute for return was created without proper authority. Ms. Kolosvary dismissed his concern saying "we have court cases that back us on preparing the substitutes for returns" but she did not cite anything. My representative then ask for a verification document "oath or affirmation" under penalty of perjury....verifying "firsthand knowledge of the facts in this case and the dollars are true, complete, and correct and my client will be happy to pay this bill". Ms. Kolosvary stated they will be issuing a "determination letter" which would allow me to go to court if I did not agree. My representative then pointed out "I see an error in the fact that the levy is section 6331, the table of authority index for the statutes, showed that this section, 6331, only applies to Title 27, part 70, not title 26". He also went on to say "I don't understand how the service can use another agency's regulations to enforce their statute...." He also went on to point out the regulations themselves state "that no agency can use another agency's regulations." Next he stated "A notice of intent to levy has been issued by the IRS, however, they're relying on ATF jurisdiction and ATF regulations to enforce that levy, a gross violation of what the law says can happen. So that's why we're asking for verification. If verification has been done then put it under penalty of perjury present to the client, and we'll pay the bill." Ms. Kolosvary stated "that's all done on

the certificate of assessments." My representative disagreed with her and pointed out many errors in the "assessment" and the fact that no one had attested to the accuracy of the numbers or affirmed the assessment under the penalty of perjury or oath. Ms Kolosvary stated she thought his argument "is probably merit less". My representative explained "you're expecting my client to pay a bill that shows something that's clearly wrong and not applicable to him. And in good conscience move forward with this until someone verifies that under penalty of perjury from the service and then we'll gladly move forward." Ms Kolosvary said "we won't get that resolved at this point - do you have any alternative collection methods that you're recommending?" My Representative recommended total abatement of the levy as there was no lawful basis for it to proceed.    Ms Kolosvary "Okay, since I can't consider that we will send out a determination letter."  At this point the participants said there good byes and the meeting ended.  -  The meting lasted a total of 14 minuets and the IRS never provided us answers for the code discrepancies nor any documents affirming the accuracy of their assessment.

62.    On or about August 22, 2002; The IRS (Les Lucas) sent me 2 Notices of determination  saying that the proposed levy action is appropriate in your case and informed me the arguments presented by my representative have been shown to be frivolous.  -  They never addressed the issues raised by my representative and never provided verification by oath or under penalties of perjury.  My attorney responded on 9/05/02

63.    On or about September 5, 2002, my attorney responded to the notice of

determination letters above (62, above). The letter sited a couple of court rulings and stated in part "I am required to initiate a direct challenge to the authority of anyone representing himself or herself as a government officer or agent prior to the finality of any proceeding in order to avoid implications of the de facto officer doctrine. The letter also explained the government agent or officer is required to affirmatively prove whatever authority they claim and in the absence of proof, they may be held personally accountable for loss, injury and damages. My attorney cited several codes and requested the following from Les Lucas (Appeals Team Manager- General Appeals)

   1.    Your constitutional oath of office, as required by 5 U.S.C. 3331

   2.    Your civil commission as agent or officer of Government of the United States

   3.    Your affidavit declaring that you did not pay for or otherwise make or promise consideration to secure the office (5 U.S.C. t 3332)

   4.    Your personal official bond or surety bond as required in 26 USC 7101; or

         a.    An obligation as security instead of a surety bond in 31 USCA 9303; or

         b.    A single bond in lieu of multiple bonds approved by the director in 26 USC 7102; and, as required in 26 CFR 301.7101-1, including the bonding as required in the 1939 and 1954 Internal Revenue Codes.

My attorney informed him that these documents should all be filed as public

records.  The letter ended by stating "Once I have received the requested documents, it is my client's intention to assist you in this matter."

64.    Les Lucas (Appeals Team Manager- General Appeals) failed to respond to this letter.

65.    On or about December 31, 2002, I received a Letter CVL PEN from the IRS showing a penalty, with no supporting documentation. - I did not respond.

66.    On or about February 17, 2003, I received a CP504 from the IRS saying they intended to Levy certain assets.

67.    On or about February 23, 2003, I received a Form 668-W(c) Notice of Levy on wages.

68.    On or about March 1, 2003, I sent a FOIA request to the disclosure officer requesting: AIMS File, # 000000062. - The IRS responded on 6/18/03 (#87).

69.    On or about March 2, 2003, I sent a FOIA request to the disclosure officer requesting: the "Substitute for Return" for me for 1997, the document that identifies the person who prepared the return and a copy of the documents upon which the audit function based the substitute return. - The IRS responded on 6/25/03 (#89).

70.    On or about March 3, 2003, I sent a FOIA request to the disclosure officer requesting: the "Substitute for Return" for me for 1998, the document that identifies the person who prepared the return and a copy of the documents upon which the audit function based the substitute return.  -  The IRS responded 5/29/03 and 6/25/03 (#86 & #89 below).

71.    On or about March 4, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of my AMDISA File. - The IRS never responded.

72.  On or about March 5, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of the Non Master file and Comments Field maintained in a System of Records know as Integrated Data Retrieval System which pertain to me- The IRS responded on 6/19/03 (#88).

73.  On or about March 6, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of the Form 5734 Non Master File Assessment Voucher which is specific to Me and no other and which indicates the alleged liability.  -  The IRS responded on 6/19/03 (#88).

74.  On or about March 7, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of Form 9131, request for Grand Jury Investigation, prepared by the IRS that pertains to me.  -  The IRS responded on 6/18/03 (#87).

75.  On or about March 8, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of Form 8278 page 1 and 2, Computation and assessment of Miscellaneous Penalties prepared by the IRS as it pertains to me for 1997.  -  The IRS responded on 6/18/03 (#87).

76.  On or about March 9, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of Form 8278 page 1 and 2, Computation and assessment of Miscellaneous Penalties prepared by the IRS as it pertains to me for 1998.  -  The IRS responded on 8/1/03 & 8/28/03 ( #92 &  #95).

77.  On or about March 13, 2003, I received a "Reminder Notice" from the IRS for over due tax.

78.  Letter 2801(CG) from IRS stating "we determined that your W-4 does not meet the requirements of the IRS" and they are instructing my employer to withhold as Single

and 0 allowances. - My attorney sent packet to my employer to try and get them to honor my withholding status.

79.    On or about April 1, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of the document identified by locator number (DLN) 29210-057-25126-0 which pertained to me. - The IRS responded on 7/28/03 (#91).

80.    On or about April 2, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of the document identified by locator number (DLN) 29247-699-00063-0 which pertained to me. - The IRS responded on 6/25/03 (#89).

81.    On or about April 3, 2003, I sent a FOIA request to the disclosure officer requesting: a copy of the document identified by locator number (DLN) 29277-464-58766-1 which pertained to me. - The IRS responded on 7/28/03 (#91).

82.    From on or about April 4, 2003 to April 22, 2003, I sent FOIA requests to the disclosure officer requesting:

> a copy of the documents identified by locator numbers (DLN) 29277-501-08200-1, 29277-540-00437-9, 29277-545-03860-1, 89277-427-09530-3, 91249-048-20000-0, 91249-139-0000-9, 91277-048-20000-0, 91277-076-00000-0, 91277-081-77500-0, 91277-175-77500-0, 91277-613-00007-1, 91277-999-99999-1, 17254-687-52004-9, 17277-999-99999-3, 29277-464-58765-1, 29277-467-06144-0, 29277-501-08201-1, 29277-545-03862-1, 68277-441-00274-3,

which pertained to me. - The IRS responded on 6/18/03, 7/2/03, 7/28/03 & 8/1/03 (#87, #90, #91, & #92). to some of these requests.

83.    On or about April 22, 2003, the IRS (Susan Meredith) sent me and my employer a
       Form 668-W(c), notice of levy. - My attorney and I responded to my employer
       many times showing and citing the codes and laws pertaining to my tax situation,
       however they started to withhold my wages anyway so I resigned on 5/5/03.

84.    On or about April 22, 2003, the IRS filed a Form 668 (Y)(c) Notice of Federal tax lien
       with my county auditor's office against me. -

85.    From on or about April 23, 2003 to on or about May 10, 2003, I sent FOIA requests
       to the disclosure officer requesting:

              a copy of the documents identified by locator numbers (DLN)
              89277-427-09526-3,   89277-427-09531-3,   89277-999-99999-3,
              91277-999-99999-1,   29210-057-25127-0,   29247-699-00064-0,
              29277-464-58764-1,   29277-501-08199-1,   29277-540-00363-9,
              29277-545-03861-1,   89254-449-00331-3,   89277-427-09527-3,
              91277-048-20000-0,   91277-076-00000-0,   91277-081-77500-0,
              91277-157-77500-0, 91277-613-00008-1, 91277-999-99999-1,

which pertained to me. - The IRS responded on 6/18/03, 6/25/03, 7/2/03, 7/28/03, 8/1/03,
8/15/03, 8/25/03 & 8/28/03 (#87, #89, #90, #91, #92, #93, #94 & #95)   to some
of these requests.

86.    On or about May 29, 2003, I received a response for my FOIA dated 3/3/03 (#70
       above), stating  they did not find the substitute returns that purportedly formed the
       basis of the collection action.

87.    On or about June 18, 2003, I received a response for my FOIA's dated April 10,
       2003 through April 22,2003 (see # 82, above), and April 23, 2003 through April 26,

2003, as well as my March 1,  March 7, and March 8, 2003 requests, and  stating that IRS found no

- •   documents    under    Document   Locator    Numbers    (DLN's)
      91277-048-20000-0,   91277-076-00000-0,   91277-081-77500-0,
      91277-175-77500-0,   91277-613-00007-1,   91277-999-99999-1,
      17254-687-52004-9,   17277-999-99999-3,   29277-464-58765-1,
      29277-467-06144-0,   29277-501-08201-1,   29277-545-03862-1,
      68277-441-00274-3;

- •   documents    under    Document   Locator    Numbers    (DLN's)
      89277-427-09526-3, 89277-427-09531-3, 89277-999-99999-3;

- •   AIMS File, # 000000062;

- •   Form 9131, request for Grand Jury Investigation;

- •   Form 8278 page 1 and 2, Computation and assessment of
      Miscellaneous Penalties;

for these items that appeared in my Individual Master File.

88.   On or about June 19, 2003, I received a response for my FOIA's dated March 5, and March 6, 2003, stating that IRS found neither Non Master file and Comments Field in the Integrated Data Retrieval System, nor any Form 5734 Non Master File Assessment Voucher, for locator numbers that appeared in my IMF.

89.   On or about June 25, 2003, I received a response for my FOIA's dated March 2, March 3, April 2, and April 27, which included purported substitute returns for 1998 & 1997 not "subscribed by the Secretary" as specified in IRC § 6020(b)(2), and numerous other documents.

90.   On or about July 2, 2003, I received a response for my FOIA's dated April 7, April 18, April 26, May 5, May 6, May 7, and May 9, 2003 requests, and  stating that IRS found no

   •    documents under Document Locator Numbers (DLN's) 89277-427-09530-3, 29277-464-58765-1,   91277-999-99999-1,   91277-048-20000-0, 91277-076-00000-0,   91277-081-77500-0,   91277-157-77500-0,   and 91277-999-99999-1,

   that appeared in my IMF.

91.   On or about July 28, 2003, I received a response for my FOIA's dated April 1, through April 6, 2003, April 8, April 9, April 14, May 4, and May 5, 2003, which included 6 out of the 10 documents requested and stated the others we not retrievable at this time.

92.   On or about August 1, 2003, I received a response for my FOIA's dated March 9, and for certain FOIA's in the April 4 to April 22 and April 23 to May 10 ranges, stating they were unable to respond in the allotted time prescribed by law and I should get a response by October 1, 2003.

93.   On or about August 15, 2003, I received a response for my FOIA's dated for certain FOIA's in the April 23 to May 10 range, that provided 4 documents.

94.   On or about August 25, 2003, I received a response for my FOIA dated April 28, 2003, stating that the document listed under DLN 29247-699-00064-0 was not retrievable.

95.   On or about August 28, 2003, I received a response for my FOIAs dated March 9,

and May 2, 2003, providing 1 of the 2 documents requested and stating the other one was not retrievable.

96.    On or about September 13, 2003, I received a Letter 3228 reminder notice from the IRS.

97.    On or about April 5, 2004, I received a CP504 intent to levy letter from the IRS.

98.    On or about May 18, 2005, I sent a Affidavit and Statement for Alleged Tax Years 1997, 1998, 1999, 2000, 2001 and 2002 to Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) via registered mail by certified third-party service. The cover letter clearly stated "This Affidavit/Statement is NOT a COMPLAINT but rather it is a Statement pursuant to 26 U.S.C. 6011." The cover letter went on to say "This Affidavit/Statement requires a response from you or someone to whom you have delegated the authority to make contact with me as required below". The letter went on to explain if someone else responded "I require a copy of the compete delegation of authority starting with the Secretary of the United States Treasury (Secretary) showing that said Respondent has said authorization to contact me; one who live in the several (50) states". The letter ended with "The Secretary or his Delegate has twenty-one (21) days to respond as specified in the Affidavit/Statement. If the Secretary does not answer said Affidavit/Statement within the time to respond, the Secretary will be in default and this matter is settled".

        A.    Upon information and belief, that May 18, 2005 Affidavit/Statement, received: by Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury

Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury), in the course of conducting the public business, was and is a federal record as that term is defined in the Federal Records Act, 44 USC § 3101, et seq., and Government Services Administration Regulations, at 36 CFR Parts 1220 and 1222, implementing said Act, intended to provide competent evidence of agency activity affecting my legal, financial, or other rights.

B.      Upon information and belief, it was and is the duty of Donald L. Korb (Chief Counsel, IRS), as directed by regulation of the Secretary of the Treasury, if not J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury), to correct any perceived misunderstanding on my part as a matter of Service Policies:

P-1-156 (Approved 04-04-1994);

P-1-179 (Approved 07-24-1989);

P-1-180 (Approved 10-13-1967);

P-5-1 (Approved 08-18-1994)

P-5-2(2), (3), (4); (Approved 02-17-2000)

P-6-12(1), (2), (3) (Approved 03-14-1991);

P-6-13(1), (2) (Approved 09-14-1993);

P-6-20(1), (2); (Approved 11-04-1977);

P-6-21(1), (2); (Approved 11-04-1977);

P-11-23 (Approved 06-14-1967);

P-11-68 (Approved 01-28-1977);

    C.      Upon information and belief, Donald L. Korb (Chief Counsel, IRS), as directed by regulation of the Secretary of the Treasury,  if not J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury), had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my May 18, 2005 Affidavit/Statement and request for record evidence within 10 days, advising me of the date I could expect such competent evidence.

    D.      Upon information and belief, Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury), had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns.  Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions.  *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

100.   Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) failed to respond at any time, in any way.

    A.      Upon information and belief, the failure of Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) to correct any perceived misunderstanding on my part was an agency action, as that term

is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

B.     Upon information and belief, the failure of Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

101.   On or about June 23, 2005, the Office of Treasury Inspection General - Tax Administration, respeonded, through Grace A Sutton (Assistant Special Agent in Charge Complaint Management: "This is to acknowledge receipt of your complaint" and "We have reviewed your complaint and determined that this matter would more appropriately be handled the IRS". Grace A Sutton's letter also stated "we have forwarded your complaint to the IRS."

A.     Upon information and belief, the Treasury Inspector for Tax Administration was derelict in the performance of the duty imposed in Section 8D of the Inspector General Act of 1978, as amended by section 1103, subsection (b), paragraph (7) of the IRS RESTRUCTURING AND REFORM ACT OF 1998, PUB. L. 105-206 to:

"... exercise all duties and responsibilities of an Inspector General of an establishment with respect to the Department of the Treasury and the Secretary of the Treasury on all matters relating to the Internal

Revenue Service."

102.  On or about August 19, 2005, I followed up the Affidavit/Statement with a Notice of
      Default and Statement of Facts and sent a copy to Donald L. Korb (Chief Counsel,
      IRS), J. Russell George (treasury Inspector General for Tax Administration) and
      John W. Snow (Secretary of the United States Treasury) via registered mail by
      certified third-party service.

      A.    Upon information and belief, that August 19, 2005 Notice of Default and
            Statement of Facts, received: by Donald L. Korb (Chief Counsel, IRS), J.
            Russell George (treasury Inspector General for Tax Administration) and John
            W. Snow (Secretary of the United States Treasury), in the course of
            conducting the public business, was and is a federal record as that term is
            defined in the Federal Records Act, 44 USC § 3101, et seq., and
            Government Services Administration Regulations, at 36 CFR Parts 1220 and
            1222, implementing said Act, intended to provide competent evidence of
            agency activity affecting my legal, financial, or other rights.

      B.    Upon information and belief, it was and is the duty of Donald L. Korb (Chief
            Counsel, IRS), as directed by regulation of the Secretary of the Treasury, if
            not J. Russell George (treasury Inspector General for Tax Administration)
            and John W. Snow (Secretary of the United States Treasury), to correct any
            perceived misunderstanding on my part as a matter of Service Policies:

                        P-1-156 (Approved 04-04-1994);

                        P-1-179 (Approved 07-24-1989);

                        P-1-180 (Approved 10-13-1967);

P-5-1 (Approved 08-18-1994)

P-5-2(2), (3), (4); (Approved 02-17-2000)

P-6-12(1), (2), (3) (Approved 03-14-1991);

P-6-13(1), (2) (Approved 09-14-1993);

P-6-20(1), (2); (Approved 11-04-1977);

P-6-21(1), (2); (Approved 11-04-1977);

P-11-23 (Approved 06-14-1967);

P-11-68 (Approved 01-28-1977);

C.    Upon information and belief, Donald L. Korb (Chief Counsel, IRS), as directed by regulation of the Secretary of the Treasury, if not J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury), had a duty pursuant to Treasury Regulation 601.702(c)(7) to respond to my August 19, 2005, Notice of Default and Statement of Facts and request for record evidence within 10 days, advising me of the date I could expect such competent evidence.

D.    Upon information and belief, Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury), had a duty pursuant to the Federal Records Act, to provide record evidence regarding any obligation I might have had under the law to file federal income tax returns. Congress, in enacting the Act, "intended, expected, and positively desired" that private parties whose rights may have been affected by governmental actions have access to the competent evidence of such actions. *American Friends*

*Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29.

103.  Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) failed to respond at any time, in any way.

   A.   Upon information and belief, the failure of Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) to correct any perceived misunderstanding on my part was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that my understanding was correct.

   B.   Upon information and belief, the failure of Donald L. Korb (Chief Counsel, IRS), J. Russell George (treasury Inspector General for Tax Administration) and John W. Snow (Secretary of the United States Treasury) to produce record evidence of any obligation on my part to file federal income tax returns was an agency action, as that term is defined in the Administrative Procedure Act, acknowledging that no record evidence of such an obligation was found in the agency record.

104.  On or about November 28, 2005, I received a Notice CP71A reminder notice for "past due taxes" for 1998. - In the absence of record evidence of any obligation, I did not respond.

105.  On or about November 28, 2005, I received a Notice CP71A reminder notice for "past due taxes" for 1997 (CVL PEN). - In the absence of record evidence of any obligation, I did not respond.

106.  On or about November 28, 2005, I received a Notice CP71A reminder notice for
      "past due taxes" for 1997 (1040A). - In the absence of record evidence of any
      obligation, I did not respond.

107.  On or about December 16, 2005, I received a a Letter 2050 asking me to call about
      my over due taxes. - In the absence of record evidence of any obligation, I did not
      respond.

108.  On or about February 22, 2006, I received a Form 668-w(c), notice of levy on
      wages. - In the absence of record evidence of any obligation, I did not respond.

109.  On or about February 27, 2006, I received a I received a Notice CP15, notice of
      penalty charge for 1998. - In the absence of record evidence of any obligation, I did
      not respond.

110.  On or about February 27, 2006, I received a I received a Notice CP15, notice of
      penalty charge for 1999. - In the absence of record evidence of any obligation, I did
      not respond.

111.  On or about March 20, 2006, I received a I received a Notice CP15, notice of
      penalty charge for 2002. - In the absence of record evidence of any obligation, I did
      not respond.

112.  On or about April 10, 2006, I received a I received a Notice CP15, notice of penalty
      charge for 1997. - In the absence of record evidence of any obligation, I did not
      respond.

113.  On or about April 17, 2006, I received a I received a Notice CP15, notice of penalty
      charge for 1997. - In the absence of record evidence of any obligation, I did not
      respond.

114.    On or about May 8, 2006, I received a I received a Notice CP15, notice of penalty charge for 2000. - In the absence of record evidence of any obligation, I did not respond.

115.    On or about May 15, 2006, I received a I received a Notice CP15, notice of penalty charge for 2000. - In the absence of record evidence of any obligation, I did not respond.

116.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 1998 - CIVPEN.

117.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 1999 - CIVPEN.

118.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 1999 - 1040A.

119.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 2000 - CIVPEN

120.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 2000 - 1040A.

121.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 2001 - CIVPEN

122.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 2001 - 1040A

123.    On or about July 10, 2006, I received a Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I owe for 2002 - 1040A

124. On or about July 20, 2006, I responded, individually, to each Notice CP 504 from the IRS stating they intend to levy certain assets for an amount I purportedly owed for

    A.     1998 - CIVPEN;

    B.     1999 - CIVPEN and 1040A;

    C.     2000 - CIVPEN and 1040A;

    D.     2001 - CIVPEN and 1040A; and

    E.     2002 - 1040A,

stating in part that each "said correspondence omits the signature required by IRC section 6061"; that each " unsigned correspondence neither contains, nor is verified by, a written declaration that it is made under penalties of perjury, pursuant to IRC section 6065."

125. I granted the IRS thirty (30) days to secure the required signatures and the "written declaration(s)…under penalties of perjury" as required by code. I also cited the fact that - The ADMINISTRATIVE PROCEDURE ACT obligates IRS to be officially aware that IRC section 6203 requires IRS to comply with my lawful request for a certified copy of the record of the assessment. The responses went on to cite other codes, regulations and acts that the IRS is required to comply with. The responses ended with "your failure to follow any of these directives … will be accepted as your tacit agreement that no evidence to document the claimed, current balance… is found in the agency record.

126. The IRS failed to reply to any of these responses; failed to obtain the required signature and declarations; and failed to produce any certified copy of the record

of any assessment upon which IRS was seeking to collect for

    A.    1998 - CIVPEN;

    B.    1999 - CIVPEN and 1040A;

    C.    2000 - CIVPEN and 1040A;

    D.    2001 - CIVPEN and 1040A; and

    E.    2002 - 1040A,

127.  On or about November 27, 2006, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1997" - 1040A.

128.  On or about November 27, 2006, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1997" - CIVPEN.

129.  On or about November 27, 2006, I received a I received a Notice CP71A from the IRS stating "you owe past due taxes for 1998" - 1040A.

130.  On or about December 4, 2006, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1998" - CVL PEN.

131.  On or about December 4, 2006, I received a Notice CP71A from the IRS stating "you owe past due taxes for 2000" - 1040A.

132.  On or about December 4, 2006, I received a Notice CP71A from the IRS stating "you owe past due taxes for 2001" - 1040A.

133.  On or about December 4, 2006, I received a Notice CP71A from the IRS stating "you owe past due taxes for 2002" - 1040A.

134.  On or about December 4, 2006, I received a Notice CP-548F from the IRS telling me my "...representative has been designated INELIGIBLE to practice before the IRS. As a result, he will no longer be permitted to represent you and will no longer

receive copies of your IRS notices."

135. On or about December 7, and December 29, 2006, I responded, individually, to each CP71A from the IRS stating "you owe past due taxes for ..."

    A.    1997 - 1040A and CIVPEN;

    B.    1998 - 1040A and CIVPEN;

    C.    2000 - 1040A;

    D.    2001 - 1040A; and

    E.    2002 - 1040A,

stating in part that each "said correspondence omits the signature required by IRC section 6061"; that each " unsigned correspondence neither contains, nor is verified by, a written declaration that it is made under penalties of perjury, pursuant to IRC section 6065" and demanding a certified copy of the Form 23C Assessment for each above period and type of tax.

136. I granted the IRS thirty (30) days to secure the required signatures and the "written declaration(s)…under penalties of perjury" as required by code. I also cited the fact that - The ADMINISTRATIVE PROCEDURE ACT obligates IRS to be officially aware that IRC section 6203 requires IRS to comply with my lawful request for a certified copy of the record of the assessment. The responses went on to cite other codes, regulations and acts that the IRS is required to comply with. The responses ended with "your failure to follow any of these directives … will be accepted as your tacit agreement that no evidence to document the claimed, current balance… is found in the agency record.

138. On or about December 7, 2006, I responded to IRS' Notice CP-548F stating in part

"this is inform you that the aforementioned correspondence is inconsequential, immaterial and irrelevant due to the pending suit, brought in my own right...." -

139.  On or about March 22, 2007, IRS replied to each of my responses to CP 71A dated December 7, and December 29, 2006, stating they needed more time to locate records and/or process my requests regarding collection efforts for

  A.    1997 - 1040A and CIVPEN;

  B.    1998 - 1040A and CIVPEN;

  C.    2000 - 1040A;

  D.    2001 - 1040A; and

  E.    2002 - 1040A,

140.  On or about April 18, 2007, I responded to IRS' March 22, 2007 admissions, and thanked them for confirming that they were unable to produce the requested documents.  My letter went on to say "Your confirmation promotes my confidence in you and the Service, ....."  The letter ended with "I will allow one more bite at the apple. Be advised that a repeat of your previous failure will be considered a, "final agency action," as that term is defined in the Administrative Procedure Act....".

141.  The IRS never answered.

142.  On or about May 1, 2007, IRS again replied to each of my responses to CP 71A dated  December 7, and December 29, 2006, stating in part "We are currently unable to secure the requested documents, to the extent they may or may not exist."

143.  On or about June 18, 2007, I responded to IRS' March 22, 2007 admissions, and thanked them again for their "agency action" confirming that NO evidence to the

claimed amounts exists and/or is found in the agency records.

144.   On or about August 2, 2007, IRS provided some IMF documents but failed to provide the required the signed documents under the penalties of perjury.

145.   - On or about August 13, 2007, I responded, pointing out that the IRS still did not provide the required information and cited the code requirements to provide the information. - IRS responded on 8/5/07 (#146)

146.   On or about November 5, 2007, IRS responded to my letter dated August 13. IRS said they placed a special search and were unable to locate the requested documents. They went on to say I should considerate it a denial of my request.

147.   On or about November 26, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1997" - 1040A. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

148.   On or about November 26, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1997" - CVL-PEN. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

149.   On or about November 26, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1998" - 1040A. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they

"placed a special search", on November 5, 2007.

150.   On or about December 3, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1998" - CVL-PEN. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

151.   On or about December 3, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 1999" - 1040A. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

152.   On or about December 3, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 2000" - 1040A. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

153.   On or about December 3, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 2001" - 1040A. This document is virtually identical to the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

154.   On or about December 3, 2007, I received a Notice CP71A from the IRS stating "you owe past due taxes for 2002" - 1040A. This document is virtually identical to

the Notice CP 71A I received on or about December 4, 2006, for which IRS admitted they were unable to locate the requested documents, even after they "placed a special search", on November 5, 2007.

155. On or about December 5, 2007, I again responded to IRS' November 5, 2007 letter, in which IRS admitted they were unable to locate the requested documents, even after they "placed a special search". I again thanked IRS for confirming that the OGDEN DISCLOSURE OFFICE was unable to produce - for the tax years in question - the records requested in my previous correspondence...". The letter also cited the Federal Records Act and regulatory requirements for them to maintain "to have a system of records in which files can be easily found, easily "charged out," of the records system, and "easily returned to the system for future need." I allowed another "bite at the apple" and advised that a repeat of their previous failure(s) will be considered a, "final agency action," as that term is defined in the Administrative Procedures Act....

156. The IRS has not responded to this letter.

157. On or about January 14, 2008, I responded, individually, to each (December, 2007) CP71A from the IRS stating "you owe past due taxes for ..."

    A.    1997 - 1040A and CIVPEN;

    B.    1998 - 1040A and CIVPEN;

    C.    2000 - 1040A;

    D.    2001 - 1040A; and

    E.    2002 - 1040A,

stating in part that each "said correspondence omits the signature required by IRC

section 6061"; that each " unsigned correspondence neither contains, nor is verified by, a written declaration that it is made under penalties of perjury, pursuant to IRC section 6065" and demanding a certified copy of the Form 23C Assessment for each above period and type of tax.

158.    I once again granted the IRS thirty (30) days to secure the required signatures and the "written declaration(s)...under penalties of perjury" as required by code. I also cited the fact that - The ADMINISTRATIVE PROCEDURE ACT obligates IRS to be officially aware that IRC section 6203 requires IRS to comply with my lawful request for a certified copy of the record of the assessment. The responses went on to cite other codes, regulations and acts that the IRS is required to comply with. This time I ended the letter by requesting the IRS identify the officer or employee who verified the balance due and for a certified copy of the Form 23C Certificate of Assessment for the year in question, and with the admonition that " failure to follow any of these directives ... will be accepted as your tacit agreement that no evidence to document the claimed, current balance... is found in the agency record.

The IRS never responded to this letter.

Dated:  24 APRIL  , 2006

Scott A. Whittington

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing and a copy of the amended complaint on defendant's attorney at his address of record.

Dated _2 5  APRIL_____, 2008

_Scott A. Whittington_ (signature)

Scott A. Whittington