IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02135 (RJL) |
| | ) | |
| UNITED STATES, | ) | **ORAL ARGUMENT** |
| | ) | **REQUESTED** |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P.

12(b), to dismiss plaintiff's complaint.  As grounds for this motion, the United

States submits that the Court lacks subject matter jurisdiction over the complaint,

or that in the alternative, the complaint fails to state a claim upon which relief

may be granted.

/ /

/ /

/ /

/ /

/ /

/ /

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith. The United States requests an oral argument on the issue of whether 26 U.S.C. § 7433(d)(1)'s exhaustion requirement is jurisdictional.

DATE: May 30, 2008.

Respectfully submitted,

/s/ Yonatan Gelblum
YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 305-3136/514-6866
Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

3286132.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02135 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | **ORAL ARGUMENT** |
| Defendant. | ) | **REQUESTED** |

## POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

### STATEMENT

The plaintiff filed this complaint on November 26, 2007, seeking damages

for alleged unauthorized collection of federal taxes, a "determination" that the

United States and its employees or agents disregarded provisions of Title 26,

United States Code, and an order under the Administrative Procedure Act "to

compel agency action unlawfully withheld or unreasonably denied and to hold

unlawful and set aside" certain actions of the Internal Revenue Service.  After the

United States moved to dismiss the plaintiff's complaint, noting that the Court

had dismissed a nearly-identical complaint filed by the plaintiff, see Whittington

v.United States, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007 ) (No. 1:06-CV-

3286132.1

01591 (RJL)) [hereinafter <u>Whittington I</u>], the plaintiff filed an "amended complaint," attached to which was a 60-page statement of facts.

The statement of facts does not allege that plaintiff followed the procedures outlined in 26 C.F.R. § 301.7433-1 for submitting an administrative claim as required under 26 U.S.C. § 7433(d)(1). It alleges a series of written requests by the plaintiff to the Internal Revenue Service seeking proof that he is liable for income tax and must file returns, alleging violations of the law by the Internal Revenue Service, demanding proof that Service officials had authority to perform certain acts, and requesting copies of records of assessments, to which he claims the Service failed to respond or did not respond satisfactorily (¶¶ 1-2, 11, 13, 14, 22, 28-29, 39, 41, 46, 47, 51, 63-64, 98-10, 125-26, 135-37, 139-46, 155-57, ). The plaintiff also describes failed attempts to prevent his employer from withholding income tax from his wages (¶¶3-5, 8-10, 25, 32, 78), requests to the Treasury Inspector General to investigate various actions of the Internal Revenue Service, which requests he asserts were ignored (¶¶ 16-17, 44-45, 49, 50, 55, 56), and gives descriptions of various notices that he received from the Internal Revenue Service concerning deficiencies under the Internal Revenue Code and collection thereof (¶¶ 18-19, 21, 24, 26, 27, 30, 31, 37, 42-43, 48, 54, 57, 65-67, 77, 96-97, 104-123, 127-33, 147-58).

Plaintiff also describes a Collections Due Process hearing that he requested

in response to a notice of intent to levy, where he challenged his liability for the taxes sought to be collected and received a negative determination (¶¶ 58-62), and a series of FOIA requests seeking an explanation of his liabilities for taxes and various documents that he implies are necessary to prove the validity of assessments against him, and to which he claims the Service did not respond, responded in part, or responded with a statement that it could not locate responsive documents (34, 36 38, 53,68, 71, 72, 73, 75, 80, 81, 82, 85-95)1/

ARGUMENT

The Court lacks subject matter jurisdiction over this action because the plaintiff has not exhausted his administrative remedies as required by 26 U.S.C. § 7433(d)(1). Furthermore, because section 7433 states that it is the only means for challenging collections actions, the other jurisdictional bases that the plaintiff asserts do not apply to his suit. Even if the Court had subject matter jurisdiction under section 7433, the plaintiff's complaint fails to state a claim for which relief can be granted because it appears to challenge the validity of the plaintiff's tax liabilities rather than the manner in which they were collected, and should thus be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

1/ He also describes a request to the FOIA reading room for evidence that he was required to have a social security number to work in the United States (¶ 35).

I.

THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER 26 U.S.C § 7433 BECAUSE THE PLAINTIFF HAS NOT ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES.

The United States respectfully asks the Court to reconsider its prior holdings that the exhaustion requirement in 26 U.S.C. § 7433 is nonjurisdictional, and dismiss the plaintiff's collections-related claims for lack of subject matter jurisdiction. Several judges of this Court have previously held that section 7433(d)'s exhaustion requirement is nonjurisdictional. See, e.g., Ross v. United States, 448 F. Supp. 2d 139 (D.D.C. 2006) (Bates, J.); Lindsey v. United States, 448 F. Supp. 2d 37 (D.D.C. 2006) (Walton, J.); Turner v. United States, 429 F. Supp. 2d 149 (D.D.C. 2006) (Bates, J.); Davis v. United States, No. 05-cv-2474, 2006 U.S. Dist. LEXIS 66627 (D.D.C. Sept. 19, 2006).2/ These opinions rely on the Supreme Court's opinion in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) and the D.C. Circuit's opinion in Avocados Plus Inc. v. Veneman, 370 F.3d 1243 (D.C. Cir. 2004), to conclude that only "sweeping and direct language" and "clear, unequivocal terms" in the statute can make an exhaustion requirement jurisdictional. Davis, 2006 U.S. Dist. LEXIS 66627 at *18-*19. They hold that under this standard, section 7433(d)(1)'s language is nonjurisdictional. E.g., id. at *21.

_____

2/ But see, e.g., Whittington v.United States, No. 1:06-CV-01591, 2007 U.S. Dist. LEXIS 9924 (D.D.C. Feb. 12 2007).

3286132.1

The United States submits that based on a recent Supreme Court ruling and on arguments not previously raised by the United States in this Court, section 7433(d)(1)'s exhaustion requirement is jurisdictional. The United States asserts that the standard implied by Avocados Plus and Arbaugh, that a limitation on a cause of action can be jurisdictional only if the language of the statute so states, has been called into question by the Supreme Court's recent opinion in John R. Sand & Gravel Co. v. United States, 128 S.Ct. 750 (2008), which indicates that factors beyond the mere statutory language may be considered when determining if a limitation on the right to bring suit is jurisdictional. Further, the United States asserts that even under the Court's strictly textual standard, the language of section 7433(d)(1) makes abundantly clear that the exhaustion requirement is jurisdictional. Given that when the Court first held that section 7433(d)(1) is nonjurisdictional, it acknowledged that the matter was an "especially close question," Turner v. United States, 429 F. Supp. 2d 149, 155 (D.D.C. 2006), the United States respectfully suggests that in light of the recent clarification in the Supreme Court's jurisprudence and the additional arguments raised herein, it is appropriate for the Court to reconsider its prior holding in this matter.

A. UNDER THE STANDARD INDICATED BY JOHN R. SAND & GRAVEL CO. V. UNITED STATES, SECTION 7433(D)(1) IMPOSES A JURISDICTIONAL REQUIREMENT

-5-

3286132.1

This Court's holdings that section 7433(d)(1) is nonjurisdictional relied on the Supreme Court's opinion in Arbaugh, which implied that courts should apply an "administrable bright line" test under which only the language of a statute should be considered when deciding if a limitation on a cause of action is jurisdictional. 546 U.S. at 516 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed."). This Court found that Arbaugh appeared to reaffirm the standard applied in Avocados Plus, under which only "sweeping and direct statutory language" stated in "clear, unequivocal terms" can make an exhaustion requirement jurisdictional. See, e.g., Davis, 2006 U.S. Dist. LEXIS 66627 at *18-*19. In John R. Sand & Gravel, however, the Supreme Court appears to have retreated from the position it asserted in Arbaugh. Cf. Kay v. Sec'y of HHS, 80 Fed. Cl. 601, 605 (Fed. Cl. 2008) (stating that John R. Sand & Gravel overruled Arbaugh at least in part).

John R. Sand & Gravel noted with approval that limitations in statutes have been found to be jurisdictional based on a "broad[] system related goal" such as limiting waivers of sovereign immunity, facilitating administration of claims, or promoting judicial efficiency. 128 S. Ct. at 753. It then held that the Court of Claims statute of limitations is jurisdictional, relying on a history of

consistent judicial interpretation, and to a lesser extent, legislative history, and the statute's text, rather than merely examining the statutory text.  The United States asserts that John R. Sand & Gravel limits the broad language used in Arbaugh, and represents a return to prior Supreme Court practice of finding limitations - including exhaustion requirements - to be jurisdictional based on factors that are not strictly limited to the statute's text.3/

Consideration of the additional criteria mentioned in John R. Sand & Gravel favors finding the exhaustion requirement in section 7433(d)(1) to be jurisdictional.  First, the opinion described limiting a waiver of sovereign immunity as a "broad[] system-related goal" that would support a conclusion that a limitation is jurisdictional.  128 S.Ct. at 754.  In this regard, it cited United States v. Dalm, 494 U.S. 596 (1990), which held that the time limitations for

_____

3/ Although Avocados Plus derives its "sweeping and direct" language from Weinberger v. Salfi, 422 U.S. 479 (1975), Weinberger simply held that "sweeping and direct" language was a sufficient basis for finding that an exhaustion requirement is jurisdictional, see 422 U.S. at 457, rather than holding that it was the only possible basis for finding an exhaustion requirement to be jurisdictional. See Collin Miller, "Manifest Destiny?: How Some Courts Have Fallaciously Come to Require a Greater Showing of Congressional Intent for Jurisdictional Exhaustion Than They Require for Preemption, 2008 B.Y.U.L. Rev. 169, 184-86 (2008).  In the 32 years since Weinberger, the Supreme Court has decided several exhaustion cases and cited Weinberger multiple times without quoting the terms "sweeping and direct;" instead, it has considered many factors in addition to the statute's language - including the policy underlying the statute, its structure, prior caselaw, and even post-enactment legislative history - in determining whether administrative exhaustion requirements are jurisdictional. See Miller, supra, at 186-87 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) and other cases).

3286132.1

complying with 26 U.S.C. § 7422(a)'s administrative claim requirements is

jurisdictional.  <u>Dalm</u> had stated that a wavier of sovereign immunity should not

be extended "beyond that which Congress intended." <u>Id.</u> at 608 (internal

quotation marks and citations omitted).

Here, when it enacted the present version of section 7433, which reinstated

the administrative exhaustion requirement, Congress stated its position that

"[n]o person is entitled to seek civil damages [under section 7433] in a court of

law unless he first exhausts his administrative remedies." H.R. Rep. 105-356, 105

Cong. 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105 Cong. 2d. Sess. (April 22,

1998).  In light of this language, it appears unlikely that Congress could have

intended to extend the waiver of sovereign immunity in section 7433 to situations

in which a taxpayer had not exhausted administrative remedies.  While this

statement is in the legislative history and not the text of the statute, <u>John R. Sand</u>

<u>& Gravel</u> itself considered the language of the statute in conjunction with its

legislative history (besides relying on prior judicial interpretations) in

determining that the statute of limitations at issue in that case was jurisdictional.

128 S. Ct. at 755.  Accordingly, in light of <u>John R. Sand & Gravel</u>'s implications for

the role of sovereign immunity and legislative history in determining whether a

limitation is jurisdictional, it is appropriate to find that section 7433(d)(1) limits

the waiver of sovereign immunity in section 7433, and is thus jurisdictional.

John R. Sand & Gravel also held that where a provision has been consistently interpreted as jursidictional in nature, courts should not lightly reverse such an interpretation, particularly where Congress has had an opportunity, when revising a statute, to express an intent to overturn the prior state of the law and has not done so. 128 S.Ct. at 755-578.  Here, a cause of action under section 7433 was first enacted in 1988 and contained the same exhaustion requirement as the present statute. See Pub. L. 100-647, Title VI, § 6241(a), Nov. 10, 1988.  Although this requirement was modified in 1994 to make failure to exhaust merely a basis for reducing damages, see Pub. L. 104-168, Title VIII, §§ 801(a), 802(a), July 30, 1996, in actions to which it applied in the interim, no fewer than 61 decisions issued by 36 different courts (including eight circuit courts of appeals) treated this exhaustion requirement as jurisdictional.4/  In addition, five years prior to the statute's original enactment in 1988, this Court found similarly worded language in 26 U.S.C. § 7428(b)(2)5/ to be jurisdictional.  Synanon Church v. United States, 557 F. Supp. 1329, 1332 (D.D.C. 1983).  Thus, when

---

4/ A citation to these opinions is attached as Exhibit A.

5/ "A declaratory judgment or decree under this section [governing charitable status determinations] shall not be issued in any proceeding unless the [court] determines that the organization involved has exhausted administrative remedies available to it within the Internal Revenue Service."

Congress chose to readopt the language barring judgment under section

7433(d)(1) absent administrative exhaustion, it did so in the context of regular

judicial interpretation of the requirement as jurisdictional, and rather than

expressing any intent to change the jurisdictional effect given to the language in

prior judicial opinions, it indicated the opposite intent, as described above.

Again, under John R. Sand & Gravel, this consistency of interpretation, combined

with Congress' apparent endorsement, supports a conclusion that the

requirement is jurisdictional.

    B.  Section 7433(d)(1) States In "Sweeping and Direct" Language and In
"Clear, Unequivocal Terms" That Exhaustion Is Jurisdictional

The United States respectfully asserts that even under the strictly textual

standard previously applied by this Court, the administrative exhaustion

requirement in section 7433 is jurisdictional according to its own terms.6/

Limiting language referencing a court's power to grant a judgment, as in 26

U.S.C. § 7433(d)(1), is no less jurisdictional than limits expressed in terms of a

plaintiff's ability to maintain an action, as in 26 U.S.C. § 7422(a), which this Court

_____

6/ The United States has not previously argued that under the "sweeping and direct" and "clear, unequivocal terms" standard, section 7433's exhaustion requirement is jurisdictional, asserting instead that the Court should use an alternative analysis altogether, essentially requiring express language to demonstrate a waiver of sovereign immunity that excuses exhaustion; the Court has generally rejected this argument. See, e.g., Lykens v. United States Gov't, 2006 U.S. Dist. LEXIS 85426 (D.D.C. 2006). The United States now asserts that under the Court's framework, the exhaustion is jurisdictional because section 7433(d)(1) clearly states so.

3286132.1

has found to be jurisdictional.  The jurisdictional nature of the language in section

7433(d)(1) is also apparent from the fact that it charges the court itself with

verifying exhaustion.  This Court's emphasis on the placement of section 7433's

exhaustion requirement near a statute of limitations, which it termed "clearly . . .

not jurisdictional," Turner, 429 F. Supp. 2d at 154 (citing Arbaugh, 126 S. Ct. at

1242) is no longer tenable given John R. Sand & Gravel's holding that statutes of

limitations can themselves be jurisdictional.  Furthermore, the placement of

section 7433's exhaustion requirement between - and near - its two provisions

granting jurisdiction is very different from the distant placement of the

jurisdictional and limiting provisions in Arbaugh, on which this Court has relied

when finding the exhaustion requirement to be nonjurisdictional.  Consistent

with the United States' position, courts of appeals that have adopted the same

"sweeping and direct" standard for jurisdictional exhaustion have consistently

found the language in section 7433(d)(1) and similarly-worded statutes to be

jurisdictional.  Accordingly, the United States asserts that even under the Court's

textual standard, section 7433's exhaustion requirement is properly termed

jurisdictional.


1. A Limitation Referring to the Court's Power to Grant a Judgment Is

Jurisdictional

The Court has previously held that section 7433's exhaustion provision, which states that a "judgment . . . shall not be awarded" absent exhaustion, is nonjurisdictional because it lacks the "sweeping and direct" language and "clear, unequivocal terms" of section 7422's exhaustion provision, which states that "[n]o suit or proceeding shall be maintained" for refund of a tax absent exhaustion. 26 U.S.C. § 7422(a). <u>See, e.g.</u>, <u>Davis</u>, 2006 U.S. Dist. LEXIS 66627 at *11. <u>Cf.</u> <u>Dalm</u>, 494 U.S. 596. The Court did not explain why a limit expressed in terms of a court's ability to grant judgment, in contrast to the ability of a litigant to bring an action, does not directly refer to the court's jurisdiction. These holdings appear to assume that jurisdiction only refers to a plaintiff's ability to bring an action before a court, and not to the court's power to award relief.

In fact, jurisdiction is frequently defined as the power of a court to issue a judgment. <u>See, e.g.</u>, <u>Black's Law Dictionary</u> 855, 857 (7th Ed. 1999) (defining jurisdiction as "[a] court's power to . . . issue a decree," and subject matter jurisdiction as "the extent to which a court can rule on the conduct of persons or the status of things."). In addition, a statute expressly barring the court's power to grant relief essentially deprives the court of jurisdiction, since the inability of a court to redress a plaintiff's injury means that the plaintiff lacks standing. <u>See, e.g</u>, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 569-70 (1992) (holding that the

-12-

plaintiffs failed to establish standing - and therefore subject matter jurisdiction - in part because they had failed to join certain agency heads, whose policies they sought to nullify, as defendants, so that the court lacked the power to grant the relief they sought).7/ Thus, when section 7433(d)(1) prohibits a court from granting any relief under the section if the taxpayer has failed to exhaust his administrative remedies, it does use the "sweeping and direct statutory language" and "clear, unequivocal terms" that this Court has found necessary to make an exhaustion provision jurisdictional.8/

2. Language in Section 7433(d)(1) Requiring the Court to Ascertain Exhaustion Is Jurisdictional

---

7/ Furthermore, in the specific context of statutes authorizing suits against the United States, limits worded in terms of a court's ability to grant judgment have been viewed as limits on the waiver of sovereign immunity, see United States v. Idaho ex. rel. Dir., Iadho Dep't of Water Resources, 508 U.S. 1, 6-7 (1993) (finding that the McCarran Amendment's provision that "no judgment for costs shall be entered against the United States," 43 U.S.C. § 666(a), meant that the United States had not waived its sovereign immunity with respect to such costs).

8/ In addition, given the jurisdictional treatment accorded to the language by dozens of courts prior to its reincorporation into the statute in 1998, as described in part II.A., supra, it is unlikely that Congress did not believe that it was speaking in "clear, unequivocal" jurisdictional terms when it reinstated this language in 1998.

3286132.1

The language of section 7433(d)(1) does not merely prohibit a judgment where the plaintiff has failed to exhaust his remedies: it specifically requires the court to ascertain exhaustion before granting relief. 26 U.S.C. 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless <u>the court determines</u> that the plaintiff has exhausted the administrative remedies.") (emphasis added). This language is jurisdictional, because only in the case of jurisdictional limitations does the court have an independent obligation to ensure that the limitation does not apply. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999).  The Supreme Court, in finding that the limitation at issue in <u>Arbaugh</u> was not jurisdictional, specifically noted that "[n]othing in the text of Title VII indicates that Congress intended courts, <u>on their own motion</u>, to assure that the employee-numerosity requirement is met." 546 U.S. at 514 (emphasis added). Here, in contrast, the language of the exhaustion provision charges the court with ensuring that this requirement is met, and is thus jurisdictional.

3.  The Placement of the Exhaustion Provision Supports Its Jurisdictional Nature

        In finding that section 7433(d)(1)'s exhaustion requirement is

-14-

nonjurisdictional, this Court has relied on its placement within the statute.

Specifically, it has noted that the exhaustion requirement is placed in a subsection

entitled "limitations" along with the section's statute of limitations, which it

termed "clearly . . . not jurisdictional," and is not adjacent to the jurisdictional

grant in section 7433(a). Turner, 429 F. Supp. 2d at 154 (citing Arbaugh, 126 S. Ct.

at 1242). Both in its conclusion that the exhaustion requirement was placed next

to a statute of limitations that was "not jurisdictional" and in its inference that its

placement away from section 7433(a) was relevant to its effect on jurisdiction, the

Court relied heavily on Arbaugh. The United States respectfully suggests that

the location of the exhaustion provision in the same subsection as the statute of

limitations does not indicate that it is nonjurisdictional, in light of John R. Sand &

Gravel Co.'s holding that statutes of limitations can be jurisdictional. See Kay, 80

Fed. Cl. at 605 (stating that John R. Sand & Gravel overruled Arbaugh in this

regard).

Furthermore, the placement of the provisions at issue in Arbaugh indicated

a significantly more attenuated relationship than is indicated by the placement of

the relevant provisions of section 7433. In Arbaugh, the relevant provisions were

scattered across three different sections of the United States Code. 42 U.S.C. §

2000(e)(b) defined an employer as having at least 15 employees, 42 U.S.C. §

2000e-(2)(a)(1) defined the cause of action as being against an "employer," while

42 U.S.C. § 2000e-5(f)(3) conferred jurisdiction on the district court.  These provisions are located, respectively, on pages 604, 615 and 626 of the applicable volume of the United States Code.  In contrast to these widely-scattered provisions, the exhaustion provision in section 7433(d)(1) is located in the same Code section as the jurisdictional grant, and is in fact sandwiched between the two subsections, 26 U.S.C. §§ 7433(a) & 7433(e), which respectively grant jurisdiction to the district and bankruptcy courts.  It is only sentences away from these grants of jurisdiction, not pages apart as in Arbaugh, and the United States respectfully suggests that to the extent its typographical position is indicative of anything, it is that it should apply with equal force to both subsections.  Accordingly, the placement of section 7433's exhaustion provision does not undermine its jurisdictional nature.

4.  Courts That Apply This Court's Standard for Jurisdictional Exhaustion Hold That Section 7433's Language Is Jurisdictional

The United States submits that its position is further bolstered by caselaw from other circuits that have apply a textual test - as has this Court - and have determined that section 7433(d)(1) is jurisdictional.  Six circuit courts of appeals

have adopted the "sweeping and direct" test9/ for determining if an

administrative exhaustion requirement is jurisdictional. See Casanova v. Dubois,

289 F.3d 142, 146 (1st Cir. 2002); Richardson v. Goord, 347 F.3d 431, 434 (2d Cir.

2003); Central States Southeast and Southwest Area Pension Fund v. T.I.M.E.-DC,

Inc., 826 F.2d 320 (5th Cir. 1985); Wright v. Morris, 111 F.3d 414, 420-21 (6th Cir.

1997); Chelette v. Harris, 229 F.3d 684, 687-88 (8th Cir. 2000); Rumbles v. Hill, 182

F.3d 1064, 1067-68 (9th Cir. 1999).  Five of these circuits have subsequently

treated the exhaustion requirement in section 7433(d)(1) or the similarly-worded

---

9/ Four circuits have directly adopted the D.C. Circuit's "clear, unequivocal terms" language when determining if an exhaustion requirement is jurisdictional, of which three have adopted the test within the last two years. See Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 605 (5th Cir 2007); Doe v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir 2006); Ace Prop & Cas. Ins. Co. v. Fed. Crop. Ins. Corp., 440 F.3d 992, 997 (8th Cir. 2006); Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 122 (4th Cir. 1991).  None appear to have passed on the jurisdictional issue in section 7433 since adopting this language.  However, the Fourth Circuit, in Grew v. United States (In re Grew), 4 F.3d 299 (4th Cir. 1993), which addressed the award of attorney's fees under 26 U.S.C. § 7430, which contains a similarly-worded exhaustion requirement, cited with approval to Kenlin Industries, Inc. v. United States, 927 F.2d 782, 786 (4th Cir. 1991), which found the requirement to be jurisdictional. Grewe, 4 F.3d at 305.  Furthermore, district courts in the Fourth Circuit have continued to treat section 7433(d)(1) as jurisdictional. See, e.g., Bullard v. United States, 486 F. Supp. 2d 512 (D. Md. 2007); Peddie v. United States, Internal Revenue Service, 1997 U.S. Dist. LEXIS 19450 (M.D. N.C. 1997); Simmons v. United States, 875 F. Supp. 318 (W.D. N.C. 1994).

provisions in 26 U.S.C. § 7430(b)(2)10/ and 7432(d)(1)11/ as jurisdictional.12/

See Nogueras-Cartagena v. United States, 125 Fed. Appx. 323, 325 (1st Cir. 2005)

(per curiam) (plaintiff has "not established jurisdiction" under section 7433

where he has failed to exhaust remedies); Kuhl v. United States, 467 F.3d 145,

146-47 (2d Cir. 2006) (remanding with instructions to dismiss a request for

attorney's fees under section 7430 for lack of jurisdictional after comparing

section 7430(b)(1) with section 7433(d)(1)); Information Resources v. United

States, 950 F.2d 1122, 1127-28 (stating that the court had jurisdiction under

sections 7432 and 7433 only because it concluded that administrative remedies

under section 7432 were inadequate and wholly unavailable under section 7433

at the time the plaintiff filed suit); Romp v. United States, 96 Fed. Appx. 978, 980

(6th Cir. 2004) (dismissing a suit under section 7433 for lack of subject matter

jurisdiction where the plaintiffs had failed to exhaust administrative remedies);

---

10/ "A judgment for reasonable litigation costs [under a fee-shifting provision applying to tax litigation] shall not be awarded . . . unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service."

11/"A judgment for damages [for failure to release a tax lien] shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

12/ The Eighth Circuit does not appear to have addressed the issue since adopting the "sweeping and direct" standard.

<u>Klimas v. Dep't of the Treasury</u>, 122 Fed. Appx. 355, 356-57 (9th Cir. 2005)

(stating that the district court lacked jurisdiction over a section 7433 claim where

the plaintiff had failed to exhaust administrative remedies).

The consistency with which courts that have adopted the "sweeping and

direct" standard have found section 7433(d)(1)'s text to be jurisdictional further

demonstrates that under this Court's textual standard, section 7433(d)(1)'s

exhaustion requirement is jurisdictional.  Because the plaintiff fails to

demonstrate or even allege that he filed an administrative claim complying with

the requirements set forth in 26 C.F.R. § 301.7433-1 for filing an administrative

claim pursuant to section 7433, the Court should dismiss this suit for lack of

subject matter jurisdiction.

II

THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE
FEDERAL RECORDS ACT, AND THE NATIONAL ARCHIVES ACT

The plaintiff also asserts jurisdiction for his damages claim under the

Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the Federal Records

Act, and the National Archives Act. (<u>See</u> Compl. ¶¶ II.A.-C.)  None of these

statutes provides jurisdiction over actions concerning the assessment and/or

collection of federal taxes. Furthermore, 26 U.S.C. § 7433's statement that it "shall

be the exclusive remedy for recovering damages resulting" from wrongful

collection actions is fatal to plaintiff's claims.  Cf. Whittington I at *4 (citing

Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000); Ross v. United

States, No. 06-0963, 460 F. Supp. 2d 139, 2006 U.S. Dist. LEXIS 82043, at *26-36

(D.D.C. Nov. 10, 2006)).

　　　　Moreover, an action brought under the APA is barred if it concerns the

assessment or collection of federal taxes.  See Foodservice and Lodging Institute,

Inc. v. Regan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); McGuirl v. United States, 360

F.Supp.2d 129, 131-132 (D.D.C. 2004), aff'd 2005 WL 3781733 (D.C. Cir. 2005)

(unpublished).  Sovereign immunity is not waived merely because the action

may involve a federal question.  See, e.g., Holloman v. Watt, 708 F.2d 1399, 1401

(9th Cir. 1983).  Section 1651 of Title 28 does not operate as a waiver of sovereign

immunity.  See Benvenuti v. Dept. of Defense, 587 F.Supp. 348 (D.D.C. 1984).

Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.

See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n, 89

F.3d 897, 901 (D.C. Cir. 1996) (citing other cases).  Thus, the Court lacks subject

matter jurisdiction and the complaint should be dismissed.  See Ross v. United

States, 2006 US Dist. LEXIS 82043 (D.D.C. 2006) (Bates).

3286132.1

III

THE PLAINTIFF FAILS TO STATE A CLAIM UNDER 26 U.S.C. § 7433

The plaintiff's statement of facts fails to allege any acts that violate statutes or regulations concerning the collection of tax and thus fails to state a claim for which relief can be granted under section 7433.  Section 7433 applies to disregard by Service employees of provisions of the Internal Revenue Code or implementing regulations in connection with the collection of a tax. 26 U.S.C. § 7433(a).  Thus, the plaintiff's claims that the Internal Revenue Service did not respond to his demands for information in violation of certain policy statements are not cognizable under section 7433 because they do not allege violations of the I.R.C. or its implementing regulations.  Although he also asserts in some instances that the failure to respond violated 26 C.F.R. § 601.702, which governs requests under the Freedom of Information Act, he does not allege that he submitted the requests pursuant to the procedures outlined in that regulation. His description of various statutory notices sent by the Internal Revenue Service and its filing of a notice of federal tax lien, while describing collection activities, fail to show any illegality in and of themselves; the Internal Revenue Service is specifically authorized and commanded to collect outstanding tax liabilities.  26 U.S.C. § 6301.

3286132.1

The implicit argument that the plaintiff appears to be making is that the Service is barred from collecting his taxes because he does not legally owe any taxes, as he implies is demonstrated by the Service's failure to furnish certain records of assessments.  However, challenges to the assessment of taxes do not fall within the scope of 26 U.S.C. § 7433.  <u>See</u> <u>Arnett v. United States</u>, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of section 7433); <u>Sylvester v. United States</u>, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that the Internal Revenue Service incorrectly computed section 6672 liability was an error in assessment and not collection and therefore irrelevant to section 7433 claim); <u>Zolman v. Internal Revenue Service</u>, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim).  Thus, even if the Court were to find that it has subject matter jurisdiction over the plaintiff's lawsuit, it should dismiss it for failure to state a claim on which relief can be granted.

/ /

/ /

/ /

/ /

3286132.1

CONCLUSION

For the foregoing reasons, the Court should dismiss the plaintiff's

amended complaint for lack of subject matter jurisdiction, or in the alternative,

for failure to state a claim.

DATE: May 30, 2008.

                                      Respectfully submitted,

                                      /s/ Yonatan Gelblum
                                      YONATAN GELBLUM
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Phone/Fax:  (202) 305-3136/514-6866
                                      Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCOTT WHITTINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02135 (RJL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO

DISMISS AMENDED COMPLAINT supporting MEMORANDUM, and

proposed ORDER were caused to be served upon plaintiff *pro se* on the 30th day

of May, 2008, by depositing a copy in the United States' mail, postage prepaid,

addressed as follows:

SCOTT A. WHITTINGTON

131 Jackrabbit Road

P.O. Box 2147

Woodland, Washington 98674

/s/ Yonatan Gelblum

YONATAN GELBLUM

-24-

3286132.1

**EXHIBIT A: Pre-1998 Cases Treating 26 U.S.C. § 7433(d)(1) as Jurisdictional**

Fishburn v. Brown, 125 F.3d 979 (6th Cir. 1997); La Spina v. Wucherer, 1997 U.S. App. LEXIS 10808 (9th Cir. 1997)  Larue v. Collector of Internal Revenue, 1996 U.S. App. LEXIS 23389 (7th Cir. 1996); Moffett v. Tolotti, 1996 U.S. App. LEXIS 26704 (9th Cir. 1996); Porter v. Fox, 99 F. 3d 271 (8th Cir. 1996); Niewald v. IRS, 1996 U.S. App. LEXIS 244 (10th Cir. 1996); Manwani v. Brunelle, 1995 U.S. App. LEXIS 39938 (2d Cir. 1995); Travis v. United States, 1995 U.s. App. LEXIS 9685 (9th Cir. 1995); Lemon v. Martin, 1995 U.S. App. LEXIS 1090 (9th Cir. 1995); Tempelman v. Beasley, 1994 U.S. App. LEXIS 36055 (1st Cir. 1994); Hanley v. United States, 1994 U.S. App. LEXIS 30760 (1st Cir. 1994); Venen v. United States, 38 F.3d 100 (3d. Cir. 1994); Murray v. United States, 1994 U.S. App. LEXIS 23069 (9th Cir. 1994); Park v. IRS Dist. Director, 1994 U.S. App. LEXIS 21257 (9th Cir. 1994); Chow v. Giordano, 1994 U.S. App. LEXIS 11048 (9th Cir. 1994); Information Resources v. United States, 950 F.2d 1122 (5th Cir. 1992); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Gartin v. Spyderco, Inc., 1997 U.S. Dist. LEXIS 11593 (D. Colo. 1997); Leonard v. United States, 1997 U.S. Dist. LEXIS 5439 (D. Colo. 1997); Oppel v. United States, 1997 U.S. Dist. LEXIS 1689 (D. Idaho 1997); Jensen v. IRS, 1997 U.S. Dist. LEXIS 22937 (D. Nev. 1997); Peddie v. United States, IRS, 1997 U.S. Dist. LEXIS 19450 (M.D. N.C. 1997); Traver v. United States, 1997 U.S. Dist. LEXIS 3873 (D. Or. 1997): Benjamin v. Aiello, 1997 U.S. Dist. LEXIS 19028 (M.D. Pa. 1997); Sintz, Campbell, Duke & Taylor v. United Statets, 197 B.R. 351 (S.D. Ala. 1996); Larue v. Bigelow, 1996 U.S. Dist. LEXIS 17684 (D. Ariz. 1996); Steinman v. IRS, 1996 U.S. Dist. LEXIS 8610 (D. Ariz. 1996); Gasparutti v. U.S.A., 1996 U.S. Dist. LEXIS 14457 (C.D. Cal. 1996); Urwyler v. United States, 1996 U.S. Dist. LEXIS 684 (E.D. Cal. 1996); Ward v. United States, 1996 U.S. Dist. LEXIS (M.D. Fla. 1996); Whitney v. IRS, 1996 U.S. Dist. LEXIS 7440 (N.D. Ill 1996); Joeckel v. Collector of Internal Revenue, 1996 U.S. Dist. LEXIS 20188 (D. Neb. 1996); Whispell v. United States, 1996 U.S. Dist. LEXIS 615 (D. Or. 1996); Stone v. United States, 1996 U.S. Dist. LEXIS 8030 (E.D. Pa. 1996); Wishart v. Agents for Int'l Monetary Fund, IRS, 1995 U.S. Dist. LEXIS 16625 (N.D. Cal. 1995); Kaiawe v. Department of Treasury/IRS, 1995 U.S. Dist. LEXIS 9277 (D. Haw. 1995); Gleason v. Cheskaty, 1995 U.S. Dist. LEXIS 9318 (D. Idaho 1995); Tighe v. United States, 1995 U.S. Dist. LEXIS 8283 (D. Mass. 1995); White v. Commissioner, 899 F. Supp. 767, 772 (D. Mass 1995); Woodman v. United States, 1995 U.S. Dist. LEXIS 2802 (E.D. Mich. 1995); Mohler v. United States, 1995 U.S. Dist. LEXIS 14535 (D. Mont. 1995); Ostheimer v. Commissioner, 1995 U.S. Dist. LEXIS 14535 (D. Mont. 1995); Joeckel v. Collector of Internal Revenue, 1995 U.S. Dist. LEXIS 9430 (D. Neb. 1995); Springer v. Collector of Internal Revenue, 1995 U.S. Dist. LEXIS 3210 (N.D. Okla. 1995); Standifird v. United States, 32 Fed. Cl. 731 (Fed. Cl. 1995); Parkhurst

v. Brown, 1994 U.S. Dist. LEXIS 10604 (E.D. Cal. 1994); Welch v. United States, 1994 U.S. Dist. LEXIS 10597 (N.D. Ill. 1994); Calhoun v. United States, 1994 U.S. Dist. LEXIS 569 (S.D. Ind. 1994); Voelz v. United States, 1994 U.S. Dist. LEXIS 19064 (S.D. Miss. 1994); Simmons v. United States, 875 F. Supp. 318 (W.D.N.C. 1994); Felkel v. United States, 861 F. Supp. 507 (D.S.C. 1994); Forman v. United States, 1993 U.S. Dist. LEXIS 9027 (D. Nev. 1993); Cunningham v. United States, 165 B.R. 599 (N.D. Tex. 1993); Matrix Dev. Corp. v. United States, 815 F. Supp. 297 (E.D. Wis. 1993); Rutledge v. United States, 1992 U.S. dist. LEXIS 10229 (N.D. Ala. 1992); Johnson v. United States, 1992 U.S. Dist. LEXIS 18296 (D. Neb. 1992); Johnson v. United States, 1992 U.S. Dist. LEXIS 18492 (D. Minn. 1992); United States v. Toyota of Visalia, 772 F. Supp. 481 (E.D. Cal 1991).

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SCOTT WHITTINGTON,                          )
                                            )
           Plaintiff,                       )
                                            )
    v.                                      )          No. 1:07-cv-02135 (RJL)
                                            )
UNITED STATES,                              )
                                            )
           Defendant.                       )

**O R D E R**

Having considered the United States' motion to dismiss the plaintiff's amended

complaint, together with the memorandum in support thereof, and having further

considered any opposition and reply thereto, the Court concludes that the motion ought

to be granted.  Accordingly, it is this _____ day of _____, 2008, at

Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

3319800.1

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov

SCOTT A. WHITTINGTON
*Plaintiff pro se*
131 Jackrabbit Road
P.O. Box 2147
Woodland, Washington 98674