# United States District Court
## FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUL – 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Scott A. Whittington,
P.O. Box 2147,
360-225-1848,

Case No: 1:07-CV-02135 (RJL)

                       Plaintiffs,

      v.

UNITED STATES (Government),

            Defendant.

## REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.p 15(A)(2)

### I
### INTRODUCTION

1.    Although Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings once

before a responsive pleading is served[1], Plaintiff in the above-captioned case is

aware Fed.R.Civ.p 15(A)(2) requires leave of Court for further amendments. <u>Rule

15(a)(2), Federal Rules of Civil Procedure</u>.

### II

### <u>PLAINTIFF SEEK(S) LEAVE IN THE EVENT THE COURT AGRESS THAT</u>

### <u>STATEMENT OF FACTS IS INSUFFICIENT, AND TO ADVANCE ADDITIONAL</u>

### <u>JURISDICTIONAL BASIS</u>

---

[1]Rule 15. Amended and Supplemental Pleadings
(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

2.  Addressing defendant's challenge to factual sufficiency, Plaintiff *pro se* points out

    that *Shane v United States*, 1:07-cv-00577-RBW (January, 2008), noted, p. 7,

    that:

    > Broadly speaking, there are two types of Rule 12(b)(1) motions. "A facial
    > challenge attacks 'the factual allegations of the complaint' that are
    > contained on 'the face of the complaint,' while a factual challenge is
    > addressed to the underlying facts contained in the complaint." Al-Owhali,
    > 279 F. Supp. 2d at 20 (quoting Loughlin v. United States, 230 F. Supp. 2d
    > 26, 35-36 (D.D.C. 2002) (citations omitted))...**For this latter type of
    > challenge, plaintiffs must "be given an opportunity for discovery of
    > facts necessary to establish jurisdiction." *Ignatiev v. United States*,
    > 238 F.3d 464, 467 (D.C. Cir. 2001) (citations omitted).** (emphasis
    > added)

3.  It appears that defendant is still posing "this latter type of challenge", i.e., that

    Plaintiff's Amended Complaint remains factually deficient. If this analysis is

    correct, Plaintiff re-asserts that dismissal would be a drastic remedy[2], and that

    the ends of justice, for which this Honorable Court, and its Rules, exist, would be

    best served by affording this *pro se* Plaintiff an opportunity to further develop his

    Statement of Facts  - similar to the *Ignatiev* "opportunity for discovery of facts" -

    to cure any factual insufficiency.

4.  With respect to the specific assertion that counts alleging "noncollection

    activity..." are without the Court's jurisdiction, Plaintiff *pro se* seeks further leave

    to follow the Court's suggestion in  *Buaiz v. United States*, 471 F. Supp. 2d 129,

    136 (D.D.C. 2007), p. 9, by amending his complaint to bring the "non-collection"

    ---

    [2]In that "12(b)(6) presents a ruling on the merits with res judicata effect."
    *Al-Owhali v. Ashcroft*, 279 F.Supp. 2d 13, 20 (D.D.C. 2003)" *Shane*, p. 6.

counts as *Bivens*[3] claims, over which jurisdiction cannot reasonably be questioned.

5.   Plaintiff pro se believes that defendant will not, and cannot, be prejudiced by the Court's grant of this motion, as defendant has yet to file a "responsive pleading".

WHEREFORE, Plaintiff request(s) the Court grant leave, and time, for Plaintiff pro se to prepare and file a Second Amended Complaint.

Dated: _JULY 1ST_ , 2008

Scott A. Whittington

---

[3]*Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his address of record.

Dated _____JULY    1st_____, 2008

_____
Scott A. Whittington

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**SCOTT A. WHITTINGTON**

Plaintiff(s)

vs.                                    Civil Case No: **07-2135**

**UNITED STATES OF AMERICA**

Defendant(s)

## <u>NOTICE REGARDING BULKY EXHIBIT</u>

Pursuant to the procedures for filing documents electronically.  This notice serves as

notification of bulky  exhibits filed with the Clerk's Office. It is available for public

viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through

Friday.

**NANCY MAYER-WHITTINGTON**

Clerk