IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT WHITTINGTON,        )<br>                                             )<br>        Plaintiff,             )<br>                                             )<br>v.                                        )<br>                                             )<br>UNITED STATES,              )<br>                                             )<br>        Defendant.           ) | No. 1:07-cv-02135 (RJL)<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO UNITED
STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

ISSUE PRESENTED

Plaintiff asks the Court to disregard John R. Sand & Gravel Co. v. United States, 128 S.Ct. 750 (2008) as irrelevant to the issue of the Court's subject matter jurisdiction under 26 U.S.C. § 7433, although it appears to limit much of the broad language in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) relied on by some judges of this Court in finding that section 7433's exhaustion requirement is nonjurisdictional. He also asks the Court to find that the administrative exhaustion provisions in 26 C.F.R. § 301.7433-1(d) are not legally binding, despite the fact that the appropriate rulemaking procedures were followed. Additionally, he argues that his 60-page "statement of facts," which failed to allege a single act actionable under section 7433, nonetheless meets the notice

3415833.1

pleading requirements of the Federal Rules.  Should the Court dismiss the plaintiff's lawsuit?

## ARGUMENT

The plaintiff has failed to demonstrate why his suit should not be dismissed.  John R. Sand & Gravel limits some of the broad language in Arbaugh that had been relied on by some judges of this Court in finding that the exhaustion requirement is nonjurisdictional, and thus implies that the requirement is indeed jurisdictional.   It also implies that consistent judicial interpretation of a requirement as jurisdictional, as is true for section 7433(d), cautions against finding that it is not jurisdictional.  26 C.F.R. 301.7433-1 is a validly-promulgated regulation that establishes a legal standard for administrative claims pursuant to section 7433(d)(1), which the plaintiff has failed to demonstrate or allege that he has met.  Lastly, even under the notice pleading standard of the Federal Rules, the plaintiff's complaint is legally deficient because it does not describe a single act that is actionable under 26 U.S.C. § 7433, and thus, should the court find that it has subject matter jurisdiction, it should dismiss the suit for failure to state a claim.

I.  John R. Sand & Gravel Supports the United States' Position that the Court Lacks Subject Matter Jurisdiction

Although John R. Sand & Gravel held that a timeliness requirement was

jurisdictional, it is relevant to the jurisdictional nature of section 7433's exhaustion requirement because the manner in which the Court reached this conclusion appears to limit the broad language in Arbaugh (which itself dealt with a statutory provision unrelated to exhaustion) that some judges of this Court had relied on in finding section 7433's exhaustion requirement to be nonjurisdictional.  Given that Judge Bates observed that whether section 7433(d) is jurisdictional is an "especially close question," Lindsey v. United States, 448 F. Supp. 2d 37 (D.D.C. 2006), the manner in which John R. Sand & Gravel limits Arbaugh, on which Lindsey relied, counsels for a reversal of Lindsey's holding.

  John R. Sand & Gravel is relevant because it implies that the strictly textual standard applied by this Court, in reliance on Arbaugh, should instead give way to a multifactor test.  Arbaugh contained language that appeared to imply that courts should apply a "readily administrable bright line test" under which only a textual statement in a statute can make a limitation on a cause of action jurisdictional.  514 U.S. at 516 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed.").  In contrast, John R. Sand & Gravel noted with approval that "broad[] system related goal[s]," including limitations of waivers on sovereign immunity, can be a basis for finding that limitations on a cause of

action are jurisdictional, and determined that a timeliness requirement was jurisdictional based largely on a statute's legislative history and consistent judicial interpretations, as well as the statute's text.

As explained in the United States's moving papers, all four factors mentioned in John R. Sand & Gravel support a finding that Section 7433(d)'s exhaustion requirement is jurisdictional.  Although no Supreme Court opinion has addressed this issue, the United States has cited to a consistent interpretation of the requirement by the lower courts as jurisdictional, an interpretation that Congress presumably endorsed when it reinserted the exhaustion provision into the statute in 1998, cf. Lorillard v. Pons, 434 U.S. 573, 580-81 (1978).1/ Under John R. Sand & Gravel, these historical interpretations are relevant to a determination of whether the provision is jurisdictional, and lend support to the United States' position that the plaintiff's failure to exhaust his administrative remedies deprives the Court of jurisdiction.

Furthermore, prior holdings by judges of this Court finding section 7433(d)'s exhaustion requirement to be nonjurisdictional relied in part on its placement near the statute's time limitation, and cited to Arbaugh's statement that "[t]ime prescriptions, however emphatic, are not properly typed

---

1/  Contrary to the plaintiff's assertions, these opinions have never been overruled by the Supreme Court.

'jurisdictional.'" 126 S. Ct. at 1242.  See, e.g., Turner v. United States, 429 F. Supp. 2d 149, 154.  The implication was that because of its placement next to a "nonjurisdictional" statute of limitations, section 7433's exhaustion requirement was also nonjurisdictional.  However, John R. Sand & Gravel clearly refuted this language in Arbaugh, since it held that a time limitation can be jurisdictional, thus indicating that section 7433(d)'s placement does not imply that it is nonjurisdictional.

II.     26 C.F.R. 301.7433-1 Sets a Legally Binding Standard for Exhaustion

The plaintiff's arguments that 26 C.F.R. 301-7433-1 is not legally binding lack merit.  The regulation is valid under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Regulations issued by an agency interpreting and applying its governing statute are entitled to judicial deference, as long as they implement the statute in some reasonable manner.  Chevron, 476 U.S. at 843-45; Swallows Holding, Ltd. v. Commissioner, 515 F.3d 162, 169-70 (3d Cir. 2008).  Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code.  26 U.S.C. § 7805(a).  When the statutory text does not directly and conclusively address the precise question covered by a regulation, an agency's construction of its governing statute through its regulations should

be sustained as long as it is a reasonable policy choice for an agency to make. Chevron, 467 U.S. at 845; Swallows, 467 U.S. at 171-72.  Here, the Treasury Department has drafted a reasonable and straightforward protocol spelling out the procedures to be followed in filing administrative claims.  The plaintiff simply chose to ignore those rules.

The plaintiff's argument appears to be that the Treasury Decision announcing 26 C.F.R. § 301.7433-1 did not comply with Treasury Directives 28-01 and 25-03, in that it lacked a complete citation of the authority under which the regulation was issued, as required by 1 C.F.R. § 21.40.  The Code of Federal Regulations, however, provides that the rules governing citations of authority and similar matters of form are not intended to affect the validity of regulations filed and published under the law.  1 C.F.R. § 5.1; Frederick v. Commissioner, 77 T.C.M. (CCH) 1909 (1999).  Treasury Decision 8392, moreover, plainly states that the authority for the issuance of the regulation is 26 U.S.C. § 7805.  1992-1 C.B. at 428.

The plaintiff further contends that the regulation did not comply with 5 U.S.C. § 553(b), which requires an agency to publish a notice of proposed rulemaking in the Federal Register.  In fact, a notice of proposed rulemaking was published in the Federal Register on June 25, 1991, at 56 Fed. Reg. 28842.

III.   Plaintiff's Amended Complaint Fails to State a Cause of Action

The plaintiff argues that under the Federal Rules' notice pleading standard, his complaint states a cause of action.  However, he fails to explain how it does so, despite the United States' analysis of his 60-page "statement of facts," which revealed that he had not described a single act that involved a disregard of the Internal Revenue Code or its implementing regulations in connection with the collection of a federal tax with respect to the plaintiff, the basis for a cause of action under section 7433.  See 26 U.S.C. § 7433(a).  As previously noted, the plaintiff's argument seems to be that he does not owe tax, and such challenges to the merits of an assessment cannot be brought under section 7433.  See, e.g., Arnett v. United States, 899 F. Supp. 1424, 1430 (D. Kan. 1995); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997); Zolman v. Internal Revenue Service, 87 F. Supp. 2d 763 (W.D. Mich. 1999).  Even under the notice pleading standard, it is necessary to plead facts entitling the plaintiff to relief, and here, the plaintiff has failed to do so.  Accordingly, should the Court find that it has subject matter jurisdiction over this action under section 7433, it should dismiss it for failure to state a claim upon which relief can be granted under that section.

IV.     Conclusion

For the foregoing reasons, the plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, or alternatively, for failure to state a claim.

DATE: July 9, 2008.

                                    Respectfully submitted,

                                    /s/ Yonatan Gelblum
                                    YONATAN GELBLUM
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, DC  20044
                                    Phone/Fax:  (202) 305-3136/514-6866
                                    Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT WHITTINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-cv-02135 (RJL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was caused to be served upon plaintiff *pro se* on the 9th day of July, 2008, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> SCOTT A. WHITTINGTON
>
> 131 Jackrabbit Road
>
> P.O. Box 2147
>
> Woodland, Washington 98674

> /s/ Yonatan Gelblum
>
> YONATAN GELBLUM