**RECEIVED**

JUL 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Scott A. Whittington,<br>P.O. Box 2147,<br>360-225-1848<br><br>   Plaintiff,<br> v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No: 1:07-CV-02135 (RJL)<br><br>REQUEST FOR LEAVE TO FILE<br>SUR-REPLY TO REPLY TO<br>RESPONSE TO MOTION TO<br>DISMISS AMENDED COMPLAINT |

### INTRODUCTION

The government's attorney raises, in his Reply to my Response to his Motion to Dismiss, issues I did not raise in my Response, calling for a Sur-Reply.

The government's attorney asserts in his Reply:

1. that "plaintiff's arguments that 26 C.F.R. 301-7433-1 is not legally binding lack merit. The regulation is valid under <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984)." (sic); and,

2. infers that interpretive regulations are *necessarily invalid* under <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984).

Based upon the foregoing, I, Scott Whittington, Request Leave to File the Sur-Reply lodged concurrently..

Respectfully Submitted


Dated _____, 2008

_____
Scott A. Whittington


## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

YONATAN GELBLUM
U.S. Dept of Justice
P.O. Box 227
Washington D.C. 20044

Dated _____, 2008

_____
Scott A. Whittington

REQUEST FOR LEAVE TO FILE
SUR-REPLY TO REPLY TO RESPONSE TO
MOTION TO DISMISS
AMENDED COMPLAINT

# United States District Court

## FOR THE DISTRICT OF COLUMBIA

Scott A. Whittington,  )
P.O. Box 2147,   )    Case No: 1:07-CV-02135 (RJL)
360-225-1848   )
    )    SUR-REPLY TO REPLY TO
  Plaintiff,  )    RESPONSE TO MOTION TO
v.    )    DISMISS AMENDED COMPLAINT
    )
UNITED STATES OF AMERICA,  )
    )
  Defendant.  )

## INTRODUCTION

The government's attorney, in his Reply to my Response to his Motion to

Dismiss, acknowledges that *John R. Sand & Gravel Co. v. United States*, 552 U. S.

\_\_\_\_ (2008)[1], merely *implies* an effect upon the instant action, over which the Court of

Claims (and the separate Circuit within which the CFC is found) has no jurisdiction.

The government's attorney further acknowledges that *John R. Sand* "cautions" against

this Court's reasoned decisions that *Arbaugh* "confirm[ed] the correctness of the rule

articulated in Avocados Plus...distinguish[ing] prerequisites that are genuinely

jurisdictional from those which are not jurisdictional barriers but constitute merely an

---

[1]The Supreme Court decision which upheld the Court of Appeals for the Federal
Circuit's *sua sponte* consideration, at 457 F. 3d 1345, of the timeliness provisions of the
Act creating the Court of Federal Claims.

"ingredient of . . . [the] claim for relief" *Ross v United States*, 448 F.Supp. 2nd, 139 (D.D.C. 2006) p 18; *Davis v United States*, ___ F.Supp. 2nd ___ (D.D.C. 2006), and that "exhaustion of administrative remedies" is a factual issue, should be outweighed - by implication of - "consistent judicial interpretation" specifically re-examined by this Court and found to be erroneous.  Apparently, the "wisdom" to which Justice Frankfurter referred[2], already found by this Court, should now be rejected "because it [came] late".

The government's attorney then asserts that "plaintiff's arguments that 26 C.F.R. 301-7433-1 is not legally binding lack merit.  The regulation is valid under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)." (sic).

I made no "arguments" regarding the *validity* of 26 C.F.R. 301-7433-1, misinter-pretation notwithstanding.  Conversely, I argued that 26 C.F.R. 301-7433-1 was promulgated as a merely interpretive (sometimes written as "interpretative") regulation, under a "long list of cases and authorities both preceding and succeeding the promulgation of "26 CFR 301.7433-1" establish[ing] that regulations promulgated under authority of IRC § 7805, absent other specific authority, are interpretative."

It appears that the government's attorney finds disfavor with "consistent judicial interpretation" in respect of regulations issued under the general authority of IRC §

---

[2]Henslee v. Union Planters Natl. Bank & Trust Co., 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting)" quoted by the Honorable Renato Beghe in Hartman, *et al.*, v. Commissioner, T.C. Memo. 2008-124, p. 82.

7805[3], from *Rowan Companies, Inc. v. United States* in the Supreme Court (1981), down through four cited Circuit Courts of Appeal, including the District of Columbia Circuit (2002)[4], all holding that regulations issued under Treasury's general rulemaking grant of power in section 7805(a) of the Code are no more than interpretive, lacking "the vital current of legislative power" (Surrey, 1940), which "[T]ax authorities almost uniformly assume...are interpretive..." (Asimov 1991).

It appears that the government's attorney also finds disfavor with "consistent judicial interpretation" in respect of "The central distinction... between "substantive rules" on the one hand and "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice", and "consistent judicial interpretation" holding that only "... a substantive rule--or a 'legislative-type rule,' [i.e.,] ... one 'affecting individual rights and obligations' ... may be 'binding' or have the 'force of law'" Morton v. Ruiz, 415 U.S. 199, at 235, 236, and that "[A] court is not required to give effect to"

---

[3]Spanning 3 decades.

[4]The D.C. Circuit cited several learned authorities: Stanley S. Surrey, The Scope and Effect of Treasury Regulations under Income, Estate and Gift Taxes, 88 U. Pa. L. Rev. 556, 557-58 (1940) (concluding that regulations issued under Treasury's general rulemaking grant are merely interpretative and "do not possess the vital current of legislative power"); Ellsworth C. Alvord, Treasury Regulations and the Wilshire Oil Case, 40 Colum. L. Rev. 252, 257 (1940) (stating that specific rulemaking grants given to the Commissioner of Internal Revenue authorize legislative rulemaking but that the general rulemaking grant authorizes only interpretative rules to assist in the execution of the statute); Michael Asimow, Public Participation in the Adoption of Temporary Tax Regulations, 44 Tax Law. 343, 357 (1991) ("[T]ax authorities almost uniformly assume that regulations adopted pursuant to the Treasury's general rulemaking power in section 7805(a) of the Code are interpretive and that rules adopted pursuant to specific grants of rulemaking authority are legislative.")."

anything other than "... a substantive rule--or a 'legislative-type rule," Batterton v. Francis, 432 U.S. 416; Chrysler v. Brown, 441 U.S. 281.

Admitting the core basis for my assertion that 26 C.F.R. 301-7433-1 is interpretative, Reply, p. 4[5] - an assertion supported by "consistent judicial interpretation" - the government's attorney appears to be introducing the surprising argument that interpretive regulations (described in the Attorney General's Manual as "statements issued by an agency to advise the public prospectively of the manner in which the agency proposes to exercise a discretionary power") are *necessarily invalid* under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

Chevron makes no such "distinction... between "substantive rules" on the one hand and "interpretative rules", and I ask the Court to note that  defendant's admission that IRC § 7805 is the sole source of authority for 26 C.F.R. 301-7433-1 moots any argument as to whether failure to comply with TREASURY DIRECTIVES 28:01 AND 25:03, or the requirements of the Code of Federal Regulations, affects validity; the "consistent judicial interpretation" from *Rowan Companies, Inc. v. United States* in the Supreme Court (1981), down through four cited Circuit Courts of Appeal, including the District of Columbia Circuit (2002)[6], is that regulations issued under the general

---

[5]"Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a)."

[6]The D.C. Circuit cited several learned authorities: Stanley S. Surrey, The Scope and Effect of Treasury Regulations under Income, Estate and Gift Taxes, 88 U. Pa. L. Rev. 556, 557-58 (1940) (concluding that regulations issued under Treasury's general rulemaking grant are merely interpretative and "do not possess the vital current of legislative power"); Ellsworth C. Alvord, Treasury Regulations and the Wilshire Oil

authority of IRC § 7805[7] are interpretive, and Chevron does not prohibit an interpretive regulation from being considered "a reasonable interpretation" of a statute.

Based upon the foregoing, the Court's subject matter jurisdiction is confirmed, and the motion to dismiss on that basis should be denied.

As to failure to state a claim, *Jones v Bock,* 549 U. S. \_\_\_\_ (2007), established that "failure to exhaust" is an affirmative defense, and any interpretation of the defendant's Rule 12(b)(1) motion as a 12(b)(6) motion is prohibited by Jones. Defendant must affirmatively defend the issue.

As to the misrepresentation of fact asserting that no acts actionable under IRC § 7433 are alleged in the Statement of Facts, I respectfully direct the Court, and the government's attorney, to paragraphs 4, 5, 10, 21, 25, 27, 32, 37, 42, 43, 46, 48, 54, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 77, 83, 84, 96, 97, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 127, 128, 129, 130, 131, 132, 133, 148, 149, 150, 151, 152, 153, and 154, all of which relate to IRS attempts to collect on amounts I purportedly "owed".

---

Case, 40 Colum. L. Rev. 252, 257 (1940) (stating that specific rulemaking grants given to the Commissioner of Internal Revenue authorize legislative rulemaking but that the general rulemaking grant authorizes only interpretative rules to assist in the execution of the statute); Michael Asimow, Public Participation in the Adoption of Temporary Tax Regulations, 44 Tax Law. 343, 357 (1991) ("[T]ax authorities almost uniformly assume that regulations adopted pursuant to the Treasury's general rulemaking power in section 7805(a) of the Code are interpretive and that rules adopted pursuant to specific grants of rulemaking authority are legislative.")."

[7]Spanning 3 decades.

Paragraphs 4, 5, 10, and 78 all address "W-4" and "collection of tax at the source".

Paragraphs 27, 54, 66, 97, 116, 117, 118, 119, 120, 121, 122, and 123 all address threats to levy, which are clearly collection threats.

Paragraphs 57, 58, 61, 62, 63, 64, 67, and 108 all specifically address notices of lien and/or levy, which are clearly collection actions.

Based upon the foregoing, defendant's motion to dismiss for failure to state a claim, insofar as it asserts lack of factual content, should be denied.

SUMMARY

The Court's subject matter jurisdiction is confirmed, and my Statement of Facts contains no less than 62 paragraphs alleging facts "in connection with collection".

Defendant's motion to dismiss should be denied. As to Counts alleging "noncollection" activity, I have conferred with the government's attorney as required by Local Rule 7m regarding the possibility of filing a Second Amended Complaint, specifying jurisdiction for those Counts under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and have been informed that defendant would oppose.

Respectfully Submitted

Dated 29TH JULY , 2008

Scott A. Whittington

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

YONATAN GELBLUM
U.S. Dept of Justice
P.O. Box 227
Washington D.C. 20044

Dated ___29 JULY_____, 2008

Scott A. Whittington