## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SCOTT WHITTINGTON,      )
                               )
           Plaintiff,        )
                               )
           v.                )     Civil Case No.  07-2135 (RJL)
                               )
UNITED STATES,          )
                               )
           Defendant.     )

## MEMORANDUM OPINION
### (March 23, 2009) [#16]

Before the Court is the defendant's motion to dismiss plaintiff Scott

Whittington's amended complaint alleging misconduct by the Internal Revenue

Service ("IRS").  Plaintiff seeks damages pursuant to the Taxpayer Bill of Rights

("TBOR"), 26 U.S.C. § 7433, and injunctive relief under the Administrative

Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, in connection with alleged

violations of the Internal Revenue Code (the "Code").  For the following reasons,

the Court GRANTS the defendant's motion to dismiss.

## DISCUSSION

Plaintiff filed the instant action in November 2007 alleging IRS

misconduct in 39 counts copied *verbatim* from a complaint he had previously filed

in 2006 and which this Court dismissed in February 2007.[1]  (Compl. at 4-19 [Dkt.

---

[1]     Indeed, plaintiff's lawsuit is one of many nearly identical complaints filed in this Court by putative *pro se* plaintiffs under Section 7433(a). In plaintiff's 2006 suit, this Court granted the United States' motion to dismiss for lack of subject matter jurisdiction on the basis that plaintiff failed to exhaust his administrative remedies pursuant to 26

#1].) Following the United States' first motion to dismiss in this case, plaintiff

moved to amend his complaint, which this Court granted.  Plaintiff thereafter

submitted a sixty-page "Statement of Facts" appended to his complaint, recounting

his attempts to cease tax withholding, numerous letters he or his attorney sent to

various IRS and Department of Treasury officials concerning his tax assessments

and failure to file tax returns, certain FOIA requests, IRS actions taken to collect

past taxes owed and levy his assets, and a Collection Due Process hearing he

received with the IRS Appeals Office related to his tax assessment.[2]  (Am.

Compl., Statement of Facts ¶¶ 1-158 [Dkt. #14].)  The United States responded

with the instant motion to dismiss for lack of subject matter jurisdiction or, in the

alternative, for failure to state a claim.  (Def.'s Mot. to Dismiss [Dkt. #16].)

## I.     Plaintiff's 26 U.S.C. § 7433 Claim

Section 7433(a) of the Code authorizes taxpayer lawsuits for damages

against the United States if any officer or employee of the IRS acts in disregard of

the Code or its implementing regulations in connection with a tax collection

activity.[3]  26 U.S.C. § 7433(a); *Stewart v. United States*, 578 F. Supp. 2d 30, 33-34

---

U.S.C. § 7433(d)(1) and because plaintiff's other stated bases for jurisdiction were each
either statutorily or otherwise precluded. *Whittington v. United States*, No. 06-1591,
2007 WL 495803, *1-3 (D.D.C. Feb. 12, 2007).

[2]      The Court treats plaintiff's Statement of Facts as incorporated into his complaint
for purposes of the United States' motion to dismiss. *In re Cheney*, 406 F.3d 723, 729
(D.C. Cir. 2005).

[3]      Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a
taxpayer, any officer or employee of the [IRS] recklessly or intentionally,

(D.D.C. 2008).  Critically, however, Section 7433(d)(1) of the Code requires that a

plaintiff exhaust his administrative remedies before the Court can award

damages.[4]  26 U.S.C. § 7433(d)(1).  Indeed, the IRS has crafted regulations

requiring a taxpayer alleging IRS misconduct to file an administrative claim, in

writing, "to the Area Director . . . of the area in which the taxpayer currently

resides" prior to filing a lawsuit under Section 7433(a).  26 C.F.R. § 301.7433-

1(e)(1).  The administrative claim must provide, *inter alia*, the grounds for the

claim, a description of the injuries, and the dollar amount of damages sought.  *Id.*

§ 301.7433-1(e)(2).  Only after the IRS issues a decision, or fails to act within six

months of the date of filing, may the taxpayer then file a lawsuit under Section

7433(a) for damages.  *Id.* § 301.7433-1(d).

 In plaintiff's 2006 action, I determined that plaintiff implicitly conceded

that he had not exhausted his administrative remedies and rejected plaintiff's

argument that he was not required to exhaust his remedies where it would be

futile.  *Whittington v. United States*, No. 06-1591, 2007 WL 495803, *1 (D.D.C.

Feb. 12, 2007).  Consequently, I dismissed plaintiff's complaint for lack of subject

---

or by reason of negligence disregards any provision of this title, or any
regulation promulgated under this title, such taxpayer may bring a civil
action for damages against the United States in a district court of the
United States.

26 U.S.C. § 7433(a).  It further provides in pertinent part that "such civil action shall be
the exclusive remedy for recovering damages resulting from such actions."  *Id.*

[4]     Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded
. . . unless the court determines that the plaintiff has exhausted the administrative
remedies available to such plaintiff within the [IRS]."  26 U.S.C. § 7433(d)(1).

matter jurisdiction. *Id.* In this action, plaintiff has provided no additional or intervening factual allegations to indicate that he has since exhausted his administrative remedies. Plaintiff's failure in this respect is again fatal to his claim. The only question is under which Federal Rule of Civil Procedure should it be dismissed: 12(b)(1) or 12(b)(6).

The United States urges the Court to again dismiss plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1). (Def.'s Mem. In Supp. at 4-19 [Dkt. #16].) The Court, however, for the reasons set forth by Judge Bates in *Turner v. United States*, 429 F. Supp. 2d 149, 153-55 (D.D.C. 2006), and Judge Walton in *Lindsey v. United States*, 448 F. Supp. 2d 37, 50-54 (D.D.C. 2006), is persuaded to adopt what is clearly the prevailing interpretation in this district: that failure to exhaust under TBOR is technically nonjurisdictional.[5] Accordingly, the

---

[5]     As more thoroughly explained by Judge Bates and Judge Walton, under *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), and *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243 (D.C. Cir. 2004), the exhaustion requirement in Section 7433(d)(1) is nonjurisdictional because Congress did not explicitly state in clear and unequivocal terms that the judiciary is barred from hearing an action under Section 7433 until the plaintiff has exhausted his administrative remedies. *Turner*, 429 F. Supp. 2d at 153-55; *Lindsey*, 448 F. Supp. 2d at 50-54. This analysis has since been adopted without exception in this district. *See, e.g., Pollinger v. United States*, 539 F. Supp. 2d 242, 257 (D.D.C. 2008) (Kollar-Kotelly, J.); *Rae v. United States*, 530 F. Supp. 2d 127, 131 n.1 (D.D.C. 2008) (Sullivan, J.); *Dye v. United States*, 516 F. Supp. 2d 61, 72 (D.D.C. 2007) (Friedman, J.); *Hallinan v. United States*, 498 F. Supp. 2d 315, 318 n.2 (D.D.C. 2007) (Collyer, J.); *Wesselman v. United States*, 498 F. Supp. 2d 326, 328 (D.D.C. 2007) (Huvelle, J.); *Miller v. United States*, No. 06-1250, 2007 WL 2071642, *1 (D.D.C. July 19, 2007) (Urbina, J.); *Deryan v. United States*, No. 06-1339, 2007 WL 809688, *1 n.2 (D.D.C. Mar. 15, 2007) (Roberts, J.); *O'Connor v. United States*, No. 05-2075, 2007 WL 274755, *1 n.2 (D.D.C. Jan. 29, 2007) (Kennedy, J.). The Court is also persuaded to adopt this position in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007). In analyzing an exhaustion requirement similar to that in Section 7433(d)(1) of the Code, the Supreme Court noted that "the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense," adding that this usual practice should be followed in the absence of

  
United States' motion to dismiss for failure to exhaust administrative remedies is

"better characterized as a motion seeking dismissal for failure to state a claim."[6]

*Pollinger v. United States*, 539 F. Supp. 2d 242, 257 (D.D.C. 2008).  That

characterization, however, is immaterial ultimately to the outcome here, where

plaintiff's complaint reveals on its face his failure to exhaust his administrative

remedies.[7]  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular

---

an indication from Congress to the contrary. *Id.* at 212 (holding that failure to exhaust is
an affirmative defense under the Prison Litigation Reform Act that litigants are not
required to specially plead); *see also Scott v. United States*, 275 Fed. Appx. 21, 2008 WL
1885481 (D.C. Cir. 2008) (remanding *sua sponte* dismissal of TBOR claim under Section
7433(d)(1) for reconsideration in light of *Jones v. Bock*).

[6]      The United States argues at length that this Court should abstain from this
prevailing view, and hold that Section 7433(d)(1) is, in fact, a jurisdictional requirement,
based on the Supreme Court's opinion in *John R. Sand & Gravel Co. v. United States*,
128 S. Ct. 750 (2008). The United States' argument is not persuasive. In *John R. Sand
& Gravel Co.*, the Supreme Court held that the Federal Court of Claims' statute of
limitations is a jurisdictional limitation. *Id.* at 752. In so doing, the Court relied heavily
on the consistent interpretation of the limitation's jurisdictional quality since as early as
1883. *Id.* at 754. No such consistent interpretation applies here, where Congress
explicitly altered the exhaustion requirement in 1996 to make failure to exhaust merely a
basis for reducing damages, before changing it back to its current formation in 1998. *See*
Pub. L. 104-168 § 802(a) (July 30, 1996); Pub. L. 105-206 § 3102(a)(2) (July 22, 1998);
68 Fed. Reg. 14316, 14317 (Mar. 25, 2003) (describing changes to exhaustion
requirement); *see also Marsoun v. United States*, 591 F. Supp. 2d 41, 44-45 (D.D.C.
2008).

[7]      Plaintiff's Statement of Facts recounts the numerous letters and complaints he
submitted to various IRS and Treasury Department officials objecting to his tax
assessments and denying any obligation to file a tax return or pay taxes, thereby raising
administrative exhaustion on the complaint's face. (Am. Compl., Statement of Facts, ¶¶
1, 8, 11, 14, 16, 19, 22, 28, 32, 39, 44, 49, 55, 63, 98, 102, 124, 125, 135, 136, 140, 143,
155, 157, 158.) Plaintiff's complaint fails, however, to plead facts sufficient to establish
that he submitted the information required under 26 C.F.R. § 301.7433-1(e)(2) – namely,
his grounds for relief, the injuries he claimed, and the amount of damages he sought – to
exhaust his administrative remedies pursuant to Section 7433(d)(1). *Cf. Marsoun*, 591 F.
Supp. 2d at 46 (failure to exhaust was "suggested by the complaint, which catalog[ed] a
lengthy history of correspondence with various persons at the IRS and implie[d] no
attempt was made to submit an administrative complaint under 26 C.F.R. § 301.7433-1").
Indeed, plaintiff implicitly concedes in his opposition brief that he failed to exhaust his

ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007) ("[E]ven when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face."). Accordingly, because plaintiff has still not exhausted his administrative remedies, the Court must dismiss plaintiff's TBOR claim for failure to state a claim under Rule 12(b)(6).

## II.    Plaintiff's Remaining Claims

Plaintiff also seeks an order pursuant to Sections 704 and 706 of the APA "compelling agency action unlawfully withheld or unreasonably denied" and an order "holding unlawful and setting aside the [IRS] actions, findings, and conclusions" found to be not in accordance with the Code. (Am. Compl. at 17.) While styled slightly differently, plaintiff's APA claims in his amended complaint in this case share the same jurisdictional basis as those in his 2006 complaint.

---

administrative remedies, arguing instead that 26 C.F.R. § 301.7433-1 is "nothing more than an 'interpretative regulation' not 'affecting individual rights and obligations.'" (Pl.'s Opp'n to Mot. to Dismiss at 19 [Dkt. #18].) Plaintiff's argument is without merit. As Judge Bates thoroughly explained in *Evans v. United States*, 433 F. Supp. 2d 17 (D.D.C. 2006), under step two of the familiar *Chevron* framework, *Chevron USA, Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984), the IRS's exhaustion regulation is a reasonable requirement promulgated pursuant to 26 U.S.C. § 7805(a), which grants the IRS authority to "prescribe all needful rules and regulations for the enforcement of this title." This Court adopts Judge Bates' reasoned analysis and holds that 26 C.F.R. §301.7433-1 is an enforceable, binding regulation on plaintiff. *Evans*, 433 F. Supp. 2d at 21-23; *see also Goodwin v. United States*, No. 06-1771, 2007 WL 1601722, *1 (D.D.C. June 4, 2007).

6

Under the doctrine of issue preclusion, a judgment dismissing claims for lack of subject matter jurisdiction in an earlier action precludes relitigation of the same jurisdictional issues in a later action between the same parties. *See GAF Corp. v. United States*, 818 F.2d 901, 912-13 (D.C. Cir. 1987); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983). This Court dismissed plaintiff's APA claims in his 2006 complaint based on the same 39 counts and jurisdictional bases plaintiff sets forth here, *Whittington*, 2007 WL 495803, *1-3, and plaintiff has failed to allege subsequent occurrences that could cure the jurisdictional defects that formed the basis of the earlier dismissal, *see Dozier*, 702 F.2d at 1198 ("[W]here a jurisdictional defect is cured or otherwise loses its controlling force, a second action may be brought under the same jurisdictional provision.").[8] Plaintiff's remaining claims therefore must be dismissed as well.

## CONCLUSION

For the reasons noted above, the Court GRANTS the United States' motion to dismiss. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[8]    For the same reasons, plaintiff's invocation of the Federal Records Act and the National Archives Act as bases for jurisdiction in this matter are also precluded. (Am. Compl. at 2); *Whittington*, 2007 WL 495803, *1 (holding that exclusivity provision of Section 7433 precludes claims for damages under any other statutory provision).