UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT WHITTINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 07-2135 (RJL) ) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION
(June _11_, 2012) [#27]

Before the Court is the United States' motion to dismiss the remaining counts of plaintiff Scott Whittington's amended complaint (Counts 19, 27, 30-33, 35, and 39) alleging misconduct by the Internal Revenue Service ("IRS"). Plaintiff seeks damages pursuant to the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433, and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, in connection with alleged violations of the Internal Revenue Code (the "Code"). For the following reasons, the Court GRANTS the United States' motion to dismiss.

BACKGROUND

Plaintiff's allegations are well known to this Court. Plaintiff filed this action in November 2007 alleging IRS misconduct in 39 counts copied *verbatim* from a complaint he had previously filed in 2006 and which this Court dismissed in February 2007.[1]

---

[1] In plaintiff's 2006 suit, this Court granted the United States' motion to dismiss for lack of subject matter jurisdiction on grounds that plaintiff failed to exhaust his administrative remedies under 26 U.S.C. § 7433(d)(1) and because plaintiff's other stated

1

Compl. 4-20 [Dkt. #1]. After the United States moved to dismiss plaintiff's complaint, plaintiff moved to amend his complaint, which this Court allowed. Plaintiff then submitted a sixty-page "Statement of Facts" appended to his complaint, recounting his attempts to cease tax withholding, extensive correspondence with IRS and Department of Treasury officials about his tax assessments and failure to file tax returns, his FOIA requests, the IRS's efforts to collect past taxes owed and levy his assets, and an IRS administrative hearing plaintiff participated in related to his tax assessment.[2] *See generally* Am. Compl., Statement of Facts [Dkt. #14]. The United States again moved to dismiss, and, on March 23, 2009, this Court granted that motion, dismissing certain counts for lack of subject matter jurisdiction and other counts for failure to state a claim under 26 U.S.C. § 7433 because plaintiff failed to allege administrative exhaustion. *Whittington v. United States*, 607 F. Supp. 2d 43, 43-46 (D.D.C. 2009). On September 29, 2011, our Circuit affirmed in part and reversed in part that decision, remanding certain counts because exhaustion is not a pleading requirement under § 7433. J. & Mem. 2 [Dkt. #26] (citing *Kim v. United States*, 632 F.3d 713, 718-19 (D.C. Cir. 2011)). Then, on December 14, 2011, the United States filed the instant motion to dismiss those remanded counts.

---

bases for jurisdiction were each either statutorily or otherwise precluded. *Whittington v. United States*, No. 06-1591, 2007 WL 495803, *1-3 (D.D.C. Feb. 12, 2007).

[2]   The Court treats plaintiff's Statement of Facts as incorporated into his complaint for purposes of the United States' motion to dismiss. *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005).

## STANDARD OF REVIEW

The United States has moved to dismiss the remaining counts of plaintiff's complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss, however, may only consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In evaluating a Rule 12(b)(6) motion, the court construes the complaint in the plaintiff's favor and grants the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). However, factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ANALYSIS

The United States now argues that the remanded counts fail to state a claim because of various deficiencies that were not the basis of this Court's earlier dismissal.

3

P. & A. in Supp. of United States' Mot. to Dismiss Am. Compl. 3 [Dkt. #27]. I agree, and, therefore, the remaining counts of plaintiff's complaint must be dismissed.[3]

### I. Plaintiff's Claims That Are Unrelated to Tax Collection Are Not Actionable (Counts 19, 33, and 35).

First, plaintiff's claims related to tax assessment (Counts 33 and 35) are not actionable under § 7433.[4] As our Circuit recently instructed, "Section 7433 applies only to collection-related activities." *Kim*, 632 F.3d at 716 (citing *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995)) ("[T]he assessment or tax determination part of the [Code enforcement] process is not an act of 'collection' and therefore, not actionable under § 7433.") (other citations omitted). However, Counts 33 and 35 of the amended complaint are entirely unrelated to tax collection. Specifically, Count 33 alleges a

---

[3] Plaintiff's complaint requests "damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof. . . ." Am. Compl. 18. To the extent that plaintiff's complaint asserts damages claims under 26 U.S.C. § 7214(a), those claims would still merit dismissal even if the remaining counts were not defective. Not only is § 7214 unenforceable through private civil actions, but § 7433 is also the exclusive damages remedy for the IRS's unlawful conduct "in connection with any collection of Federal tax[es]." 26 U.S.C. § 7433(a); *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Stewart v. United States*, 578 F. Supp. 2d 30, 35-36 (D.D.C. 2008). Therefore, plaintiff's request for damages "equal to the fine imposed" in § 7214(a) must be dismissed.

[4] Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). It further provides in pertinent part that "such civil action shall be the exclusive remedy for recovering damages resulting from such actions." *Id.*

violation of 26 U.S.C. 6751(b) "by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination," and Count 35 alleges that liens were asserted without the necessary assessments in accordance with 26 U.S.C. § 6203 and IRS regulations.[5] Am. Compl., Counts 33, 35. These counts cite issues with how the IRS recorded plaintiff's liability as related to penalties and liens. Accordingly, these counts relate only to tax *assessment* and not tax *collection*. *See Kim*, 632 F.3d at 716. Therefore, Counts 33 and 35 are not actionable under § 7433 and are dismissed.

Similarly, plaintiffs' claim that the IRS "failed to develop and implement" procedures and review processes related to decisions to file liens and levies and to seize property must be dismissed. Am. Compl., Count 19. "[C]laims based on an alleged failure to promulgate regulations and procedures do not implicate § 7433's prohibition against collection activity that disregards provisions of, or regulations under, the [Code]." *Spahr v. United States*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) (dismissing identical counts); *see also Scott v. United States*, 608 F. Supp. 2d 73, 80 (D.D.C. 2009) (dismissing an identical count). Therefore, Count 19 must also be dismissed.

---

[5] Although Count 35 invokes 26 U.S.C. § 6322, which arguably relates to tax collection as it appears in Chapter 64 of the Code, titled "Collection," and connects the periods for tax liens to the dates when assessments arise, the substance of the claim is that the *assessments* were defective, which led to defective liens. Even if this claim could be construed as related to collection activity, then it should still be dismissed as untimely because plaintiff filed this action more than four years after he alleges the IRS filed a lien against him. *See infra* Section II.

## II.  Plaintiff's Lien-Related Claims Are Untimely (Counts 32, 35 and 39).

Because plaintiff filed this action more than four years after the IRS publically recorded a tax lien against him, plaintiff's lien-related claims are untimely. Unfortunately for the plaintiff, section 7433 has a two-year statute of limitations. 26 U.S.C. § 7433(d)(3) (directing that § 7433 suits "may be brought only within 2 years after the date the right of action accrues"). But, plaintiff did not bring this suit alleging that his tax liens were deficient until more than four years after his claims accrued. Specifically, plaintiff has alleged that liens were asserted against him without adequate notice and demand (Count 32) and without the necessary assessments (Counts 35 and 39[6]). But, plaintiff only alleges that the IRS filed one tax lien against him around the end of April of 2003. Am. Compl., Statement of Facts ¶ 84. (stating the lien was publically recorded

---

[6]  Count 39, alleging unlawful disclosure of tax return information, must also be dismissed because the IRS is permitted to disclose certain tax return information in connection with filing notices of liens. Specifically, in Count 39, plaintiff alleges that his tax return information was "unlawfully disclosed" in violation of 26 U.S.C. § 7213 "by filing notice(s) of lien(s) in stated amounts for which no record of assessment exists." Am. Compl., Count 39. Section 7213(a) prohibits federal employees from disclosing tax return information except as authorized in the Code. 26 U.SC. § 7213(a). The Code authorizes disclosure of tax return information in certain circumstances, including "in connection with . . . collection activity" when necessary. 26 U.S.C. § 6103(k)(6). *See also* 26 C.F.R. § 301.6103(k)(6)-1(a)(1)(vi) (permitting disclosure "to apply the provisions of the [Code] relating to establishment of liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability"); *Boritz v. United States*, 685 F. Supp. 2d 113, 127 (D.D.C. 2010). Although plaintiff's complaint states that no record of assessment exists for the filed liens, plaintiff's own allegations indicate that the IRS made assessments against him and sent him multiple notices of such assessments. *See, e.g.,* Am. Compl., Statement of Facts ¶ 27. Therefore, any disclosures by filing notices of liens would have been expressly authorized, and this count would be dismissed even if it were not untimely.

"[o]n or about April 22, 2003").[7] Any claims would have accrued at that time with the filing of the allegedly defective lien. However, plaintiff filed this action on November 26, 2007, more than four years after the lien was filed, and well past the two-year deadline under § 7433(d)(3). Therefore, plaintiff's claims alleging issues related to this lien are untimely and must be dismissed.

### III. Plaintiff's Claims That Are Contradicted By His Own Factual Allegations Are Dismissed (Counts 27, 31, and 32).

Because plaintiff has directly contradicted certain of his claims with his factual allegations, those claims must be dismissed. *See Scott v. United States*, 608 F. Supp. 2d 73, 80-81 (D.D.C. 2009). Specifically, plaintiff claims that the IRS failed to provide notice and demand within 60 days of making a tax assessment (Count 27), to hold an administrative hearing in conjunction with the filing of a notice of tax lien (Count 31), and to provide notice and demand before asserting a tax lien (Count 32). *See* Am. Compl., Counts 27, 31, 32 (asserting violations of 26 U.S.C. §§ 6303, 6320, and 6321). Yet, in his own statement of facts, plaintiff alleges that the IRS sent him multiple notices[8] demanding payment of assessments, *see, e.g.,* Am. Compl., Statement of Facts ¶¶ 27, 42-43, 46, 48, 54, and granted him a collection hearing, *id.* ¶ 61. Therefore, plaintiff's factual allegations directly contradict the claims in these counts. Accordingly, this Court does not need to accept as true the allegations in these counts and will dismiss those

---

[7] Plaintiff does not reference any other tax liens filed against him. *See generally* Am. Compl., Statement of Facts.

[8] These notices included form CP 504, "which constitute[s] notice and demand for payment within the meaning of section 6303(a)." *Scott*, 608 F. Supp. 2d at 81 (citation and internal quotation marks omitted).

7

counts for failure to state a claim. *See Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint . . . .").

## IV. Plaintiff Has Failed To Allege Facts Supporting His Harassment Claim (Count 30).

Because plaintiff has failed to provide sufficient factual allegations to show that his harassment and abuse claims in Count 30 are plausible, those claims too must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In short, plaintiff has utterly failed to allege any facts from which this Court could infer that IRS employees engaged in harassment, oppression, or abusive conduct. *See* Am. Compl., Count 30. Instead, plaintiff's extensive account of his interactions with the IRS amounts to little more than a recounting of the IRS's Sisyphean labors to respond to and collect taxes from an obdurate and captious individual. *See generally* Am. Compl., Statement of Facts; *see also Spahr v. United States*, 501 F. Supp. 2d 92, 97 (D.D.C. 2007) (dismissing harassment claim under § 7433 where plaintiff made no allegations of "harassing, oppressive, or abusive" conduct such as threats of violence, use of obscenity, or employment of repeated and inappropriate telephone calls). Accordingly, this claim is "simply too conclusory to survive defendant's motion to dismiss." *Spahr*, 501 F. Supp. 2d at 97; *see also Twombly*, 550 U.S. at 570.[9]

---

[9] Count 19 is similarly defective. In Count 19, plaintiff claims that the IRS has failed to implement various procedures in accordance with the Code; but nowhere in plaintiff's amended complaint or statement of facts does he plead *any* facts to support this claim. Even though this claim is not actionable under § 7433, *see supra* Section I,

## CONCLUSION

For the reasons noted above, the Court GRANTS the United States' Motion to Dismiss the Amended Complaint [Dkt. #27]. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

plaintiff's conclusory allegations are entirely unsupported and would still merit dismissal if actionable.